## J. F. KENNEDY, Appellee, v. CITY OF DES MOINES, Appellant.

Municipal Corporations: NEGLIGENCE: STATUTE OF LIMITATIONS: EFFECT UPON VESTED RIGHTS. Chapter 25 of Acts of the Twenty-Second General Assembly providing that no action for personal injuries resulting from defective streets or sidewalks shall be brought against any municipal corporation after six months from the time of the injury, unless written notice specifying the place and circumstances of the injury shall have been served upon such corporation within ninety days after the injury, is not applicable to causes of action on account of such injuries which accrued more than six months before the statute was enacted, but upon which no suit was commenced until after the statute became a law.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FRIDAY, DECEMBER 18, 1891.

Action to recover for personal injuries sustained by the plaintiff by being thrown from a hose cart, upon which, in the discharge of his duty as a fireman, he was riding at the time; the accident being caused by the negligence of the defendant in permitting the rails of a street railway to project above the surface of the street. A demurrer to the defendant's answer was sustained. Upon a trial, after the ruling upon the demurrer, the answer being stricken out, there was a verdict for the defendant, which was set aside, and a new trial granted. The defendant appeals from the decisions of the district court sustaining the demurrer and the motion for a new trial.—*Affirmed.*

*Hugh Brennan* and *W. H. Baily*, for appellant.

*W. H. McHenry, Jr.*, for appellee.

Beck, C. J.—I. The answer of the defendant pleaded as a defense that the action was not commenced within six months after the injury was sustained, and that no notice specifying the place where and circumstances under which the injury was inflicted was given the defendant within ninety days after the injury, and therefore the action is barred, under chapter 25 of Acts of the Twenty-Second General Assembly. The ruling of the court sustaining the demurrer to this answer presents the only question which we are required to consider upon this appeal.

II. Chapter 25 of Acts of the Twenty-Second General Assembly is as follows: "Section 1. That in all Municipal corporations: negligence: statute of limitations: effect upon vested rights. cases of personal injury resulting from defective streets or sidewalks, or from any cause originating in the neglect or failure of any municipal corporation or its officers to perform their duties in constructing or maintaining streets or sidewalks, no suit shall be brought against the corporation after six months from the time

of the injury, unless written notice specifying the place
and circumstances of the injury shall have been served
upon such municipal corporation within ninety days
after the injury.   Section 2. All the provisions of this
act shall be applicable to all cities in this state now
organized under special charter.''"   The injury was
inflicted June 20, 1887; the action was commenced
March 21, 1889; the act just quoted was passed Febru-
ary 17, 1888, and took effect July 4, 1888.    It will be
observed that it was impossible for the plaintiff to
comply with the statute, if it be regarded as applicable to
the case, as the time had passed which is prescribed by
the act for giving notice when the act took effect.   It
had also passed when the statute was enacted by the
general assembly.   If, therefore, the statute is appli-
cable to this case, the remedy which existed when the
statute was enacted and took effect is cut off, and the
plaintiff is by the statute deprived of all remedy upon
a valid subsisting claim.   But this court will not so
construe the statute as to give it that effect, whereby
property rights may be disturbed.   It will rather so
construe the statute as to protect rights accruing before
it was enacted, so that it will not deprive the citizen of
property he holds in a valid claim by taking away all
remedy to enforce it.   The statute is a limitation upon
actions of the character of this one.   It is a familiar
doctrine that it is not competent for the legislature by
a statute of limitation to take away all remedies exist-
ing upon causes of action, and by this exercise of power
the legislature will bar recovery thereon.   Such statutes,
to accord with constitutional guaranties, must preserve
a reasonable time wherein actions may be brought.   If
this be not expressly done, the courts read the legisla-
ture's will as expressed in the statute to be, that existing
rights are not intended to be cut off.   It will therefore
be presumed in this case that it was not the purpose
of the legislature that the statute should be applied
to causes of action subsisting when the act went into

effect. An act, the language of which impairs vested rights or takes wholly away remedies, will be so construed that it will have a prospective effect, and will not interfere with constitutional guaranties as to rights of property. Cooley on Constitutional Limitations, pp. 184, 185, 366; 13 American & English Encyclopedia of Law, 695, 696, *et seq.*, with notes. These familiar doctrines need in their support the citation of no other authorities.

III. The ground of the motion for a new trial, and the rulings of the district court thereon, do not appear in the abstract upon which the case is submitted to us. The decision of the court upon the motion cannot, therefore, be reversed upon this appeal.

IV. The other members of the court concur in the result I announce, but do not express any opinion as to the constitutional question discussed. They are content with the view that the statute in question was not designed to have a retrospective effect.

The judgment of the district court is AFFIRMED.