C. M. NORRIS, Appellant, v. D. R. TRIPP, Sheriff, and D.
S. MORGAN & CO.; C. M. NORRIS, Appellant, v. D. R.
TRIPP, Sheriff, and S. W. COBB & CO., and C. M.
NORRIS, Appellant, v. D. R. TRIPP, Sheriff, and JAMES
ELLIOTT.

111  115
114   26
111  115
126  553
111  115
129  158

**Limitation of Actions;** SUCCESSIVE STATUTES: *Judgment.* The Re-
vision of 1860 barred judgments in twenty years after rendi-
tion. While it was in force a debt was made which ripened
into judgment after the enactment of the Code of 1873. This
fixed the limitation of actions on judgments at twenty years
after fifteen years next following their rendition, and section
50 provided that the act should not affect any act done, any
right, or suit had or commenced before the act took effect, but
such proceedings should be conformed to its provisions as far
as consistent. *Held,* that the rights referred to were those
arising from obligations, not such as pertain exclusively to
remedies, and hence the limitation enacted by the Code of 1873
governed this judgment.

SAME. The legislature may not bar instanter a suit on an existing
cause of action, but must give a reasonable time within which
to prosecute the same under the new statute; hence Code, 1897,
fixing a limitation of twenty years for actions on judgments,
cannot apply to a judgment rendered in 1877, since it would
wholly prevent action thereon.

**Supersedeas Pending Appeal:** *Authority of justice of supreme court.*
An order restraining a proceeding to collect a judgment, pending
an appeal, upon the filing of a bond, was properly made by one of
the judges of the Supreme Court, where, without the order, the
objects of the appeal would be defeated, though the statute
provides for no such order.

*Appeal from Jasper District Court.*—HON. JOHN T. SCOTT,
Judge.

SATURDAY, APRIL 14, 1900.

PLAINTIFF, a judgment defendant in three judgments,
brings these actions against the sheriff and the other defend-

ants named, plaintiffs in said judgments, to enjoin the· sale
of real estate on executions issued on said judgments, on the
ground that the judgments were barred by the statute before
the executions were issued.· Defendants resisted, claiming
that the matters stated in the petition do not entitle the plain-
tiff to the relief demanded. Applications were made in each
case to Honorable John T. Scott, judge, in vacation, for
temporary writs and submitted on the verified petitions
and the resistances thereto. The applications were denied,
and plaintiff appeals.—*Affirmed.*

*Harrah & Myers* for appellant.

*W. O. McElroy* and *F. H. Clements* for appellees.

GIVEN, J.—As these cases involve the same question,
they are argued and submitted together, and will be so dis-
posed of. The petitions show: That judgments were
rendered in the circuit court of Jasper county, Iowa, against
the plaintiff as follows: One in favor of D. S. Morgan & Co.
March 20, 1877; one in favor of S. W. Cobb & Co., March
20, 1877; and one in favor of James H. Elliott, January
19, 1877. That executions were issued on each of said
judgments on the eleventh day of August, 1899, and de-
livered to the defendant Tripp, sheriff, and that he levied
the same upon certain lands belonging to this plaintiff, and
was about to sell the same under said execution. The peti-
tions also show that the plaintiff has been continuously a
resident of Jasper county for more than thirty years last
past, and that there has been no revivor of any of said
judgments or of the debts for which they were rendered. It
is alleged that the indebtedness for which these judgments
were rendered was contracted prior ·to the enactment and
taking effect of the Code of 1873. In the case against S. W.
Cobb & Co. allegations are made showing a want of con-
sideration for the indebtedness upon which that judgment

was rendered, but the judgment being conclusive as to such matters, they cannot now be considered. It will be seen from what we have said that over twenty-two years elapsed between the rendition of each of these judgments and the issuing of the execution thereon, and that nothing had occurred to stop the running of the statute of limitations as against the judgments.

II. Out of these facts we have the single question whether these judgments were barred at the time the execu· tions were issued. To solve this, we must first ascertain what the limitation is. If it was as fixed by the Revision of 1860, in force when the debts were contracted, it was twenty years after the rendition of the judgments; if as fixed by the Code of 1873, as construed in *Weiser v. McDowell,* 93 Iowa, 772, it was twenty years from the expiration of fifteen years next following the rendition of the judgments; and if as fixed by the present Code, it is twenty years from the rendition of the judgments. There is no dispute but that such are the limitations provided in said statutes; the contention is as to which applies to these cases. Section 50 of the Code of 1873, in relation to the repeal of former statutes, provides as follows: "Sec. 50. The repeal of existing statutes shall not affect any act done, any right accruing or which has accrued or been established, nor any suit or proceeding had or commenced in any civil cause before the time when such repeal takes effect; but the proceedings in such cases shall be conformed to the provisions of this Code as far as consistent." Plaintiff contends that the rights under these contracts of indebtedness were rights accruing when the Code of 1873 went into effect; that the limitations pertaining thereto and to judgments thereon were part of such rights, and that said rights are expressly reserved from the operation of the repeal, and left to be governed by the former statute. Defendants contend that rights as to the limitation of actions upon said judgments were not accruing nor accrued rights at the time the Code

of 1873 took effect, and that, said judgments having been rendered under that Code, the limitation therein provided applies, not the limitation provided in the Revision of 1860. "It is a fundamental principle recognized by this and other courts that the statute of limitations pertains to the remedy only, and not to the essence or merits of an obligation." *Weiser v. McDowell, supra,* and cases cited. The rights referred to in said section 50 are those arising upon the contracts, not such as pertain exclusively to the remedy. "It is undoubtedly within the statutory power of the legislature to require, as to existing causes of action, that suits for their enforcement should be barred unless brought within a period less than that prescribed at the time the contract was made or the liability incurred from which the cause of action arose. The exercise of this power is, of course, subject to the fundamental condition that a reasonable time, taking all the circumstances into consideration, be given by the new law for the commencement of an action before the bar takes effect." *Koshkonong v. Burton,* 104 U. S. 668 (26 L. Ed. 886) ; 15 Am. & Eng. Enc. Law, 695, 696, and notes. The limitation under consideration is not as to the contracts of indebtedness, but as to the judgments thereon. "Every judgment is, as a general rule, to be regarded as a new debt, not in any way affected by the character of the old one, * * * and, when the court is called upon to enforce it, no inquiry will be made concerning the facts preceding the judgment, to ascertain whether the original demand was one which it would have indorsed." 15 Am. & Eng. Enc. Law, 338 ; Freeman Judgments (3d ed., 517. Plaintiff cites *Cochran v. Taylor,* 13 Ohio St. 382. That was an action on a bond, which the court held to be an accruing right, and reserved by a statute similar to said section 50. If these were actions upon the contract of indebtedness, the case would be in point, but our question is as to the limitation of the judgments. Our con-

clusion is that the limitation provided in the revision of 1860 does not apply to these judgments.

III.   Plaintiff's next contention is that, if the revision of 1860. does not apply, the Code of 1897 does, and that by its provisions the judgments are barred.   Sections 51 and 3439 of the Code of 1897 are the same as sections 50 and 2521 of the Code of 1873, except that section 3439 provides, in addition, that: "The time during which an action on a judgment is prohibited by this section shall not be excluded in computing the statutory period of limitation for an action thereon." It is urged in argument that, "if the Code of 1873 does not expressly reserve the rights arising under the revision, then with equal equity the Code of 1897 does not expressly reserve rights arising prior thereto, and the Code of 1897 would govern and control herein." The ready answer to this argument is that there were no judgments in these cases to which the revision could apply; there were no accruing nor accrued rights as to the limitations upon these judgments when the Code of 1873 was enacted, but not so when the Code of 1897 went into effect. These judgments were rendered under the Code of 1873, and, as we have seen, the limitation provided in the revision did not apply. Therefore, unless the limitation of the Code of 1873 applies, they were without limitation from the time of their rendition until the time the Code of 1897 took effect. Another ready answer is that, if the Code of 1897 applies, it did so immediately upon its taking effect. In *Kennedy v. City of Des Moines,* 84 Iowa, 189, it is said: "It is a familiar doctrine that it is not competent for the legislature by a statute of limitation to take away all remedies existing upon causes of action, and by this exercise of power the legislature will bar recovery thereon. Such statutes, to accord with constitutional guaranties, must preserve a reasonable time wherein actions may be brought." See, also, *Casady v. Grimmelman,* 108 Iowa, 695. Such is the uniform hold-

ing of all courts. We think the provisions of the Code of
1873 applied at once to these judgments upon their rendi-
tion; that, therefore, rights as to their limitation under that
statute accrued, and were saved from the operation of the
repeal of the Code of 1873. A manifest difference is that no
right existed as to the limitation of these judgments when
the revision was repealed, while such rights had accrued and
were existing when the Code of 1897 took effect. This dis-
poses of the questions involved in the merits of the cases, and
leads to the conclusion that the judgment of the district court
is correct, and should be AFFIRMED.

### Motion to Set Aside Supersedeas.

IV. Pending this appeal, on application by the plain-
tiff to one of the judges of this court, an order was made re-
straining the defendants from proceeding further under said
executions, pending the appeal, or until otherwise ordered,
upon plaintiff's executing a bond in each case in a sum
named, conditioned to pay costs and damages if the order
was improperly granted. The order expressly preserved to
the defendants all rights under their executions and the
levies made, and with leave to move the court to set aside
those orders or to increase the bonds. The defendants filed
their motions to set aside said orders, and in support thereof
it is insisted that the making of the orders was not author-
ized by law. There is no provision in the statute
for making such orders, but this court has many times
held that where, without such order, the objects of
the appeal will be defeated, and the rights of the appellant
irreparably prejudiced, the court will, in preservation of its
own jurisdiction, make such orders. See *Luce v. Fensler,*
85 Iowa, 596, as somewhat in point. It is suggested that the
amounts of the bonds required were insufficient, but, if so,
this would be remedied by a motion to increase the amount,
rather than to dismiss the action. The other grounds of
the motion involved the merits of the case, which we have

already considered. There was authority for granting the order, and, so far as appears, the amounts of the bonds were sufficient. As to these points, the motion is OVERRULED.