GEORGE ROE v. PHILIP B. WINSTON and Others.[1]

April 24, 1903.

Nos. 13,451—(93).

**Special and General Verdicts.**
> Certain special verdicts *held* not to be inconsistent with the general verdict.

Action in the district court for Hennepin county to recover $20,000 for personal injuries. The case was tried before Harrison, J., and a jury, which rendered a general verdict in favor of plaintiff for $5,000, and returned the special findings set out in the opinion. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*T. A. Garrity*, for appellants.
*Humphrey Barton* and *John E. Samuelson*, for respondent.

LEWIS, J.

The decision on the former appeal in this case will be found in 86 Minn. 77, 90 N. W. 122, and it is unnecessary to repeat a statement of the facts. The case was reversed and sent back for a new trial upon the ground that the special findings were inconsistent with the general verdict. Plaintiff then amended his complaint by striking out all reference to the custom of the defendant company, and relied upon the general allegation of negligence on its part in

---

[1] Reported in 94 N. W. 433.

moving the train at the time plaintiff was attempting to climb upon it. At the trial the court submitted three special questions of fact, which were answered in the negative, viz.:

"1. At the time when this accident occurred, and when the plaintiff Roe had gone in between the coal cars and the train, of which he was acting as brakeman, and before he attempted to board the latter train, had the latter train already begun to move perceptibly?

"2. In the performance of the work in which this plaintiff was engaged at the time of the accident was it an established usage and custom, in the operation of the trains employed by Winston Bros., for the engineers of the trains to receive and act upon the signals from the brakeman only?

"3. At the time and place of the accident to the plaintiff Roe was it a customary practice and usage of the engineers upon the trains there being operated by Winston Bros. to act immediately upon signals to start given by H. C. Hanson, superintendent in charge of said work for Winston Bros., without such signal being repeated by the brakeman?"

Questions 2 and 3 were submitted at the former trial, when the second was answered in the negative, and the third in the affirmative; and this court decided that, inasmuch as the charge of negligence on the part of appellant consisted in moving the gravel train without waiting for a signal from the brakeman, the general verdict could not stand, because it was inconsistent with the special finding answered in the affirmative, to the effect that it was the custom for the engineer, in the operation of his train, to act upon the signals of the superintendent, without regard to the brakeman's signals. In the present case, however, this question was answered by the jury in the negative. It is now argued by appellant that special finding 2 is inconsistent with the general verdict.

It is not very material that the complaint was amended so as to base the charge of negligence upon the general conduct of appellant in the management of its train, rather than upon the disobedience of certain customs. The evidence at the last trial was substantially the same as upon the first, and the negligence, if any, consisted in the fact that the engineer moved his train with-

out waiting for the signals of the brakeman, or at least without knowing he was in a place of safety. Evidence was introduced on behalf of respondent to the effect that, during that part of the work in which the train was engaged at the time of the accident, there was no conductor in charge, and that the brakeman acted in his stead in his absence; and it was undisputed that the superintendent was not located upon the train, and had nothing to do with its movements, except to signal, whenever, in the progress of the work, it was desirable the train should be moved. In the operation of the train itself, its movements were controlled by the engineer and conductor, and by the brakeman in the conductor's absence.

Conceding that the second special finding referred to the operations as carried on at the time of the accident, we do not consider it inconsistent with the third special finding or with the general verdict. According to the evidence, it was a disputed question whether the engineer was required to move the train upon the signal of the brakeman alone, or with the co-operation of the superintendent. The latter might be the case, because the superintendent had general charge of the work, and it would be for him to say, when the train would be required to change position. Both special verdicts are consistent with the theory that it was the duty of the engineer to take signals from both the superintendent and brakeman before moving the train. Special findings should always be reconciled with the general verdict, if they reasonably may be, and in this case we find no difficulty in concluding that the findings and verdict are consistent.

It is unnecessary to review the other assignments of error. The questions of contributory negligence, and negligence on the part of appellants, have been settled by the judgment of the jury, and we find no error in the other rulings of the court.

Order affirmed.