**CITY OF FORT WORTH v. MORROW et ux.
(No. 11541.)**

(Court of Civil Appeals of Texas. Fort Worth.
April 3, 1926. Rehearing Denied
May 8, 1926.)

**1. Constitutional law ⊕⇒191.**

Acts purely remedial in effect, which do not disturb vested rights, are not prohibited by Const. art. 1, § 16, prohibiting retroactive laws.

**2. Constitutional law ⊕⇒106.**

State may abolish old remedies and substitute new, or abolish without substitution if a reasonable remedy remains, as a person has no vested right in any particular remedy; but it cannot deny a remedy entirely.

**3. Statutes ⊕⇒267(1)—Act dealing strictly with remedies or procedure has no retroactive effect unless intent therefor is expressed or may be inferred from circumstances.** ˈ

An act which deals strictly with remedies or procedure does not have retroactive effect unless intention therefor is expressed in the act or may be inferred from circumstances surrounding or immediately preceeding its passage.

**4. Constitutional . law ⊕⇒105.**

As vested right of action is property in same sense as tangible things, the Legislature may not take it away.

**5. Constitutional law ⊕⇒191—Statute giving right to appeal from orders granting new trials held not void as to pending case under Constitution prohibiting retroactive laws (Const. art. ˈl, § 16; Rev. St. 1911, art. 2078, as amended by Acts 39th Leg. [1925] c. 18, now Rev. St. 1925, art. 2249; Laws 1889, c. 52).**

Rev. St. 1911, art. 2078, as amended by Acts 39th Leg. (1925) c. 18, now Rev. St. 1925, art. 2249, giving right to appeal from orders granting new trials, *held* not void as to pending case under Const. art. 1, § 16, prohibiting retroactive laws, in view of Laws 1889, c. 52, as statute was purely remedial and did not disturb vested rights.

**6. Statutes ⊕⇒263.**

As statutes are presumed intended to operate prospectively, all doubts are resolved in favor of such construction.

**7. Appeal and error ⊕⇒2—Statute giving right to appeal from order granting new trial held not to give right to appeal from order granting new trial eleven days before statute became effective (Rev. St. 1911, art. 2078, as amended by Acts 39th Leg. [1925] c. 18, now Rev. St. 1925, art. 2249; Rev. St. 1911, art. 2085 [Rev. St. 1925, art. 2254]).**

Rev. St. 1911, art. 2078, as amended by Acts 39th Leg. (1925) c. 18, now Rev. St. 1925, art. 2249, giving the right to appeal from orders granting new trials in certain cases, *held* not to give the right to appeal, under Rev. St. 1911, art. 2085 (Rev. St. 1925, art. 2254), from an order granting a new trial eleven days before the act became effective, as statutes are presumed to operate prospectively.

Appeal from District Court, Tarrant County; H. S. Lattimore, Judge.

Action by W. D. Morrow and wife against the City of Fort Worth. Judgment for defendant. From order granting a new trial, defendant appeals. Appeal dismissed.

R. E. Rouer and Gillis A. Johnson, both of Fort Worth, for appellant.

Phillips, Brown & Morris, of Fort Worth, for appellees.

BUCK, J. Plaintiffs below, W. D. Morrow and wife, sued the city of Fort Worth in the Ninety-Sixth district court of Tarrant county for damages for alleged injuries suffered by the wife while using a slide or chute at the Forest park bathing pool on August 16, 1924. It was alleged that Mrs. Morrow and some friends went out to the pool early in the morning to swim, and that she climbed up on top of the chute or slide and attempted to slide down; that by reason of some obstruction on the metal railing at the side of the chute, she hurt the little finger of her right hand, and such injury caused her to relinquish her hold on the railing with the right hand and turn over on her stomach, and that as she was rapidly and forcibly thrust downward and backward her left arm was caught in the narrow opening of the frame work under the slide and severely injured. They alleged negligence on the part of the defendant city in that it failed to keep said slide in a reasonably safe condition for the use of persons permitted to use the same, and that it permitted a V shape exposure formed by the inclined bar or plate at the edge of the slide and the horizontal bar or plate supporting it. They alleged that a metal plate with a rolled edge usually fitted into this acute angle, and that by reason of the rolled edge her hand would not have been caught in the angle or V if the plate had been attached, but that the plate had been allowed to become detached and remain off, and that thereby Mrs. Morrow's hand was caught in the acute angle and held for a long time before the employees of the city at the park could extricate it; that her wrist and the tendons and ligaments thereof were cut and bruised; and that her injury was permanent.

The defendant demurred generally and specially and pleaded general and special denials, and specially pleaded that Mrs. Morrow was guilty of contributory negligence.

Upon a trial before a jury the defendant asked for a peremptory instruction in its favor, which was overruled. The cause was submitted to the jury on special issues, and the jury found: (1) That the city was guilty of negligence in maintaining the bathing chute on which the plaintiff was injured in the way it did maintain it; (2) that such negligence was the proximate cause of the in-

jury to the plaintiff; (3) that the plaintiff was guilty of contributory negligence in her conduct in connection with said chute on the occasion of her injury; (4) that $2,166.67 would fairly and reasonably compensate the plaintiff for the injuries sustained by her on the chute.

Upon this verdict the court entered judgment for defendant. Plaintiff filed a motion for a new trial, and in their amended motion they urged that the answer of the jury in response to the issues of contributory negligence was not supported by the testimony; that some of the jurors did not fully understand the court's charge and the definition of contributory negligence and proximate cause, and did not believe at the time special issue No. 3 was answered in the affirmative that the plaintiff, Mrs. Morrow, was guilty of such negligence as contributed to or was the proximate cause of her injury, and that such jurors only believed that, while the plaintiff might have been guilty of some negligence or carelessness or indifference, that such negligence, carelessness, or indifference did not contribute to the injury, and neither was it the proximate cause of the injury. It was further alleged that the jury was guilty of misconduct in that it discussed what would be the effect of their finding on special issue No. 3, and some of the jurors contended that to find plaintiff guilty of contributory negligence would not preclude her from a recovery, and that on account of such misconduct on the part of such jurors some of them were induced to agree to the affirmative answer to said special issue No. 3, and they would not have done so if they had not believed that an affirmative answer would not preclude a recovery. Other grounds were urged in support of the motion for new trial, but if it becomes necessary in the further discussion of this opinion, we will mention such grounds. On June 6, 1925, the court granted the motion for new trial, and defendant excepted and gave notice of appeal to this court.

In 1925 the Thirty-Ninth Legislature (Acts 1925, c. 18), amended article 2078, Rev. Civ. St. 1911, article 2249 in the 1925 codification, so as to allow an appeal from an order of any district or county court in civil cases granting motions for new trials, the amended law reading as follows:

"Article 2078 of the Revised Civil Statutes of 1911 is hereby amended so as hereafter to read as follows:

"An appeal may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs, and provided further that an appeal may be taken to the Court of Civil Appeals from every order of any district or county court in civil cases granting motions for new trials in any of the above mentioned cases and such appeal shall be taken within the same time and in the same manner as if the judgment was final."

The act has an emergency clause, but no record vote in the House is given, and the bill passed the Senate by 17 yeas and 9 nays. Therefore the act became effective 90 days after the adjournment of the Legislature, which was on March 19th. Therefore the law became effective on July 17, 1925, or eleven days after the motion for new trial was granted in the instant case, and after appellant's appeal was perfected. The appellant being a municipality, it did not have to give an appeal bond; therefore the appeal was perfected by the giving of the notice of appeal. Article 2085, Rev. Civ. Stats., and article 2254, 1925 codification. The Ninety-Sixth district court's April term began on the first Monday in April, and the July term began on July 4th—therefore the motion for new trial was granted at the same term in which the judgment was rendered.

There are two main questions involved:

(1) Did appellant have the right to appeal from an order granting a new trial eleven days before the law authorizing an appeal from an order granting a new trial became effective?

(2) If it did have the authority to appeal, did the trial court err, as a matter of law, in granting the motion for new trial?

[1-5] The Constitution of Texas prohibits the enactment of any ex post facto law or retroactive law. Article 1, § 16, state Constitution. In construing this constitutional provision, the courts hold that acts which are purely remedial in effect and which do not disturb vested rights are not within the pale of this prohibition. A person has no vested right in any particular remedy, and he cannot insist on the application to the trial of his case, whether civil or criminal, of any other than the existing rules of procedure. Statutes making changes in the remedy or procedure are always within the discretion of the lawmaking power, and are valid so long as they do not deprive the accused of any substantial right, or conflict with specific and applicable provisions of the state or federal Constitution. A state may abolish old remedies and substitute new, or may abolish even without substitution if a reasonable remedy remains, but it cannot deny a remedy entirely. 6 R. C. L. pp. 294, 295, § 281. An act which deals strictly with the remedies of procedure does not have a retroactive effect unless such intention is expressed in the act or may be inferred from circumstances surrounding the passage of the act or immediately preceding it. A vested right of action is property in the same sense in which tangible things are property, and is equally protected against

arbitrary interference, and whether it springs from contract or from principles of the common law it is not competent for the Legislature to take it away. 6 R. C. L. p. 216, § 304.

The case of Baines v. Jemison, Groce & Co., 86 Tex. 118, 23 S. W. 639, involved a question of venue of a suit to recover damages for the alleged wrongful issuance and levy of an attachment. It appears that appellees had filed a plea of privilege to be sued in the county of their residence. At the time of the institution of the suit, the law fixed the venue in such actions, upon a plea of privilege being urged, in the county of the defendant's domicile. But subsequent to the filing of the suit and before the trial, the law was changed, providing that a suit for damages growing out of the suing out a writ of attachment or sequestration, or for the levy of any such writ, may be brought in any county from which such writ was issued, or in any county where such levy was made, in whole or in part, within this state. See General Laws 1889, p. 48. Judge Gaines, speaking for the Supreme Court, said:

"We are of opinion that the trial judge did not err in his ruling. Since the venue of a suit affects only the remedy, it is clear that it is in the power of the Legislature to amend the laws in relation to that matter; and to make the amendment applicable to causes of action that may have accrued before the passage of the act; and it may be that it would be competent to so change the law as to confer local jurisdiction of a suit already pending upon the court in which it was instituted, although such court did not have jurisdiction at the time the action was brought. But upon this question we need give no opinion. Admitting the power of the Legislature in such a case, its intention would have to be clear before the courts would give the statute such a retroactive effect. * * * A party who has been sued in a court which cannot take jurisdiction as to his person in the particular action without his consent, has the right, upon his plea of privilege, to have the suit abated and to recover his costs. The Legislature might well decline to deprive him of the right, even had it the power to do so."

See 36 Cyc. p. 1297 et seq.

[6, 7] As retrospective laws are generally unjust and in many cases oppressive, they are not looked upon with favor. Sutherland, vol. 2, § 641. The same author again says:

"Again, it is a well-settled rule that laws are not to be construed retrospectively, or to have a retrospective effect, unless it shall clearly appear that it was so intended by the enacting body, and unless such construction is absolutely necessary to give meaning to the language used." Brown v. Hughes, 89 Minn. 150, 94 N. W. 438.

It is always presumed that statutes are intended to operate prospectively, and all doubts are resolved in favor of such construction. Id. § 642, p. 1161, and section 643, p. 1162.

A statute requiring notice to the city of the time, place, and particulars of an accident by reason of a defective street or walk, as a condition of liability, was held not to apply in case of prior accident. Kennedy v. Des Moines, 84 Iowa, 187, 50 N. W. 880.

Sutherland further says in section 674, p. 1127:

"If before final decision a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceedings. But the steps already taken, the status of the case as to the court in which it was commenced, the pleadings put in, and all things done under the late law, will stand, unless an intention to the contrary is plainly manifested; and pending cases are only affected by general words as to future proceedings from the point reached when the law interfered. If what has been done under the old law is bad or insufficient under that law, it remains so though it would have been good if done in the same way under the new law."

In the case of Rockwell Co. v. Kaufman Co., 69 Tex. 172, 6 S. W. 431, Judge Gaines, speaking for the Supreme Court, said:

"In the absence of any special indication or reason, and as a common rule, a statute will not be applied retrospectively, even when there is no constitutional impediment. * * * But we take it that in any case in order to give a retrospective construction, it should appear at least by fair implication from the language used, that it was the intent to make it applicable to both past and future cases. In no instance can language expressive of future acts be construed to embrace those that are past. * * * It would have been easy for the Legislature, by the use of apt words, to have made the provisions applicable to past as well as future cases; but no such words appear in the act."

See Martin v. State, 22 Tex. 214; Cassard v. Tracy and Cassard v. Zacharie, 52 La. Ann. 835, 27 So. 368, 49 L. R. A. 272, in which the Supreme Court of Louisiana quotes this extract from Sedwick on Stats. and Const.:

"The judiciary will give all laws a prospective operation only, unless their language is so clear as not to be susceptible of any other construction."

We have carefully examined appellant's brief and supplemental brief, and have read the authorities cited, including Foster v. Graves, 278 S. W. 633, by the Supreme Court of Arkansas; Clark v. Kansas City Ry. Co., 219 Mo. 524, 118 S. W. 40, by the Supreme Court of Missouri; Little v. Hazen, 185 Mich. 316, 152 N. W. 95, by the Supreme Court of Michigan; Shelby-Downard Asphalt Co. v. Enyart, 67 Okl. 237, 170 P. 708, by the Supreme Court of Oklahoma; and Texas Midland Ry. Co. v. S. W. Telephone & Telegraph Co., 24 Tex. Civ. App. 198, 58 S. W. 152, by the Dallas Court of Civil Appeals.

In so far as some of the cases just cited may differ as to the question involved from

the authorities heretofore and herein cited by this court, we think that we have enunciated the rule supported by the great weight of authority.

Hence we conclude that appellant would not have the right to an appeal, by virtue of the notice given eleven days before the new law went into effect, that the appeal should therefore be dismissed, and it is so ordered.