A. B. Murphy, Appellant, v. W. E. Smith, Appellee.

No. 43572.

November 17, 1936.

Rehearing Denied February 19, 1937.

W. F. Murphy, for appellant.

E. A. Baldwin, for appellee.

Mitchell, J.—A. B. Murphy commenced an action against W. E. Smith, treasurer of Johnson county, Iowa, praying that the said county treasurer be restrained from selling at tax sale certain real estate described in plaintiff's petition and located in Johnson County, for the reason that delinquent taxes standing against the premises, both regular and special assessments, were void and no longer a lien against said premises because of the fact that when delinquent they were not brought forward upon the new tax books until after the lien of said delinquent taxes had expired, as provided by sections 7147, 7184, and 7193 of the Code of Iowa; and for the further reason that certain of said delinquent taxes were barred by the statute of limitations.

The county treasurer filed answer, denying that plaintiff was entitled to the relief prayed for, and specifically denied that he had failed to bring forward the delinquent taxes upon the tax book of Johnson county before proceeding with the collection of same, as provided by law.

There was a trial to the court and the lower court held that certain of the taxes levied against plaintiff's property were barred by the statute of limitations. The treasurer of Johnson county did not appeal from this holding and we are therefore not confronted with that question at this time. The lower court found that defendant had carried forward the former delinquent real estate taxes on the property described in plaintiff's petition. The court ordered the county treasurer to proceed as provided by statute with the collection of said delinquent taxes. Plaintiff was dissatisfied with this ruling and appealed to this court.

We are not confronted here with a case in which the delinquent taxes were not carried forward. There is no such claim. The basis of the appellant's claim is that the delinquent taxes were not carried forward immediately and within the time prescribed by statute.

We turn first to the statutes to ascertain what is required of the county auditor and treasurer.

Section 7147 of the Code (pertaining to county auditor) is as follows:

"7147. Tax list delivered—informality and delay. He shall make an entry upon the tax list showing what it is, for what county and year, and deliver it to the county treasurer on or before the thirty-first day of December, taking his receipt therefor; and such list shall be a sufficient authority for the treasurer to collect the taxes therein levied. No informality therein, and no delay in delivering the same after the time above specified, shall affect the validity of any taxes, sales, or other proceedings for the collection of such taxes."

Section 7184 provides as follows:

"7184. Duty of treasurer. The treasurer, after making the entry provided in section 7193, shall proceed to collect the taxes, and the list shall be his authority and justification against any illegality in the proceedings prior to receiving the list; and he is also authorized and required to collect, as far as practicable,

the taxes remaining unpaid on the tax books of previous years, his efforts to that end to include the sending by mail of a statement to each delinquent taxpayer not later than the first day of November of each year."

Section 7193 provides:

"7193. Former delinquent real estate taxes. The treasurer shall each year, upon receiving the tax list, enter upon the same in separate columns opposite each parcel of real estate on which the tax remains unpaid for any previous year, the amount of such unpaid tax, and unless such delinquent real estate tax is so brought forward and entered it shall cease to be a lien upon the real estate upon which the same was levied, and upon any other real estate of the owner. But to preserve such lien it shall only be necessary to enter such tax, as aforesaid, opposite any tract upon which it was a lien. Any sale for the whole or any part of such delinquent tax not so entered shall be invalid."

The evidence shows that during the period involved in this action there were thirty-two taxing districts in Johnson county; that each district had its own tax list, and it usually required the services of one person approximately four weeks to perform the required statutory duty.

The court must and does take judicial notice of the fact that the period of years for which the appellant now seeks relief was perhaps the most difficult of the years of depression; that everywhere there was a failure to meet tax obligations, and as a result thereof an unusual number of delinquencies took place, which imposed additional work upon the county treasurer. The county treasurer is charged by law with the all-important work of collecting taxes. The work in his office has not decreased, but, instead, the legislature has seen fit to place additional burdens upon the official holding this important position, and upon his worthy assistants. The statute that directs him to carry forward the delinquent real estate tax does not prescribe a definite time in which these duties should be completed. Were the contention of appellant to prevail, that the county treasurer must perform these duties instantly, it would mean the doing of something physically impossible, and certainly, the law does not require the doing of any act which is physically impossible. This record shows that the county treasurer of Johnson county per-

formed the duties imposed upon him by statute, carried forward the delinquent real estate taxes as rapidly as it was possible to do so within a reasonable time.

It therefore follows that the judgment and decree of the lower court must be, and it is hereby, affirmed.—Affirmed.

PARSONS, C. J., and ANDERSON, DONEGAN, RICHARDS, HAMILTON, and STIGER, JJ., concur.