K. R. APPLEBY, plaintiff-appellee, v. FARMERS STATE BANK OF Dows, appellant; L. M. LEMKE, Sheriff of Franklin County, et al., defendants-appellees.

## No. 48160.

(Reported in 56 N.W.2d 917)

290

Senneff & Bliss, of Mason City, for appellant.

Lundy, Butler & Lundy, of Eldora, for plaintiff-appellee.

Lee B. Blum, of Hampton, for defendants-appellees.

THOMPSON, J.—On December 20, 1940, the defendant bank, which was then the holder of a judgment against Myron Appleby and Margaret Appleby, caused to be issued out of the office of the clerk of the District Court of Franklin County an execution, under which the sheriff levied upon the interest of Myron Appleby in certain real estate. On January 24, 1941, an execution sale was held and this interest was purchased by the judgment creditor, and a sheriff's certificate of sale was duly issued to it. Nothing more was done until July 14, 1951, when the defendant herein presented the certificate to the then sheriff, and received a sheriff's deed.

Myron Appleby and Margaret Appleby were both deceased prior to the commencement of the present action, and it is conceded that they died intestate and plaintiff is their sole heir-at-law. This concession became a part of the record in this case by stipulation at the time of the trial, and it is further stipulated: "That at the time of the death of Myron Appleby he was the owner of the real property involved in this action, subject, of course, to any rights which it may be determined the Farmers State Bank of Dows, Iowa, had by reason of its sheriff's certificate of sale."

The major issue in the case, and the only one which we find it necessary to discuss, concerns the effect of section 2, chapter 299, Acts of the Forty-ninth General Assembly, now section 626.97 of the Codes of 1946 and 1950. This statute was not in effect when the judgment above referred to was rendered, when the levy under it was made, when the sheriff's sale was held and the certificate issued. It became effective on July 4, 1941, and so was in force when the right to a sheriff's deed matured on January 24, 1942, and at all times thereafter. We set out the statute in full:

"After eight years have elapsed from the date of issuance of any sheriff's certificate of sale, and no action has been taken by the holder of such certificate to obtain a deed thereunder, it shall be the duty of the sheriff and clerk of the district court to cancel such sale and certificate of record and all rights thereunder shall · be barred."

It is the effect of this section upon the defendant's rights under its certificate of sale which we must determine. The defendant-appellant herein at the outset of its brief and argument says:

"The rightful determination of this lawsuit rests entirely upon the sole question as to whether section 626.97 should be given a retroactive effect. If 'yes', then the determination of the trial court is correct. If 'no', then the case must be reversed."

We accept this statement as embodying the controlling question in the case.

I. There are many rules cited by the authorities for determining whether statutes are to be given retroactive effect or are prospective only. We think the first that must be considered is the familiar one which holds a statute must be so construed that it will be constitutional rather than unconstitutional; that is, if there are two possible and reasonable interpretations which may be made from the language of the enactment, that one must be chosen which will give it constitutional effect, and that one discarded which will require a holding that it is unconstitutional. This rule is so well settled as to require no citation of authority, but see Galusha v. Wendt, 114 Iowa 597, 603, 87 N.W. 512.

■ So, if a statute admits of a construction that it is retroactive, in which case it would adversely affect vested rights or impair the obligation of a contract, while a construction that it is prospective only and so not subject to those constitutional objections is also reasonably possible, the latter should be adopted. It is suggested by the appellant that a retroactive interpretation of section 626.97 would cause it to affect rights in addition to remedies. The question of the constitutionality of the statute is not raised, except as it affects its construction as to being retroactive, or prospective only. The question is an important one. We have no constitutional prohibition in the Iowa Constitution against retroactive laws, as such. But there are prohibitions against taking property without due process of law and against impairing the obligations of contracts, which generally reach the same point.

■ We must keep in mind here that we are dealing with a judgment and with the procedure of enforcing it. There are authorities holding that when judgment is rendered upon a contract, such as a mortgage or vendor's lien notes, the procedure for making collection and enforcing the contract is a valuable part of the agreement and cannot be abridged by a later statute. Currie v. First National Bank, Tex. Civ. App., 96 S.W.2d 731. But the question is settled in Iowa by Berg v. Berg, 221 Iowa 326, 264 N.W. 821. This case decided the constitutionality of chapter 178, Acts of the Forty-fifth General Assembly, now Code section 615.1, which invalidated certain judgments after the expiration of a two-year period. It was held in Johnson v. Keir, 220 Iowa 69, 261 N.W. 792, that this Act applied to judgments in existence at the time of its passage. In the Berg case it is pointed out that a judgment is not a contract, and a statute shortening the period of time within which it may be enforced, if a reasonable time is allowed, is valid. In essence, we are here dealing with procedure for the enforcement of a judgment. If the judgment itself may be invalidated by failure of the holder to act within a limited time, surely the procedure to collect under it may be so shortened. The execution, the levy thereunder, the sale and issuance of the sheriff's certificate are the means provided for enforcement. We said in Wooster v. Bateman, 126 Iowa 552, 554, 102 N.W. 521, 522: "A statute requiring the prompt enforcement of

a right does not deprive the litigant of that right, nor lessen or change the remedy."

In 16 C. J. S., Constitutional Law, section 271, page 690, the rule is thus stated: "* * * there is no doubt that existing laws governing proceedings by which judgments may be enforced may be altered or repealed so as to affect pending actions. * * * a retrospective statute may alter the law * * * as to executions, redemption, and levies, may deprive a debtor of the indulgence of a stay of proceedings, or may change the remedy by substituting the lien of the judgment for that of a fieri facias * * *." In 11 Am. Jur., section 373, page 1201, it is said that "there is no vested right in any particular mode of procedure or remedy * * *."

It is true that when a certificate of sale is issued the holder has a lien on the realty described during the year of redemption. Sayre v. Vander Voort, 200 Iowa 990, 994, 205 N.W. 760, 42 A. L. R. 880; and that after the expiration of the year of redemption, at least prior to the enactment of section 626.97, supra, the former owner has only a naked legal title and the holder of the certificate of sale has the full equitable interest. Conner v. Long, 63 Iowa 295, 300, 19 N.W. 221. But the time and procedure for enforcement of a lien is remedial and may be changed or modified by a retroactive statute. Berg v. Berg, supra; Swanson v. Pontralo, 238 Iowa 693, 700, 27 N.W.2d 21. This was done before the defendant's rights had ripened into an equitable title by the expiration of the year. If all rights in a judgment, including possible liens on realty, except as a setoff or counterclaim, may be terminated at the end of two years by a retroactive statute, as we held in Berg v. Berg, supra, we see no reason why the defendant's rights in its certificate of sale cannot be likewise modified. No authority to the contrary is cited by the defendant, and we think the Berg case is controlling. It is of course true that a reasonable time for compliance must be given, but in the case at bar the certificate holder, the defendant herein, had over seven and one-half years after the effective date of the limiting statute within which to act. In fact it did not ask for or receive a sheriff's deed until more than ten years had elapsed. The distinction between remedial procedures and impairment of vested rights is often difficult to draw, and it is so here. But we think

the Berg case cannot be distinguished in principle, and so must hold that a retroactive interpretation of section 626.97 will not make it unconstitutional as a violation of the prohibitions against due process or taking property without compensation.

II. We have gone into the question posed in Division I at some length because we think it is the controlling point in the case. It is suggested only rather than argued by defendant in its opening brief, although argued with some force by it in its reply brief. Actually the major contention as made by the opening briefs and arguments of the respective parties concerns the question of whether the statute as enacted shows an intent that it apply to past transactions, that is, whether it should be construed as retroactive or prospective only. Eliminating the matter discussed in the preceding division, we think there can be no doubt that the statute was intended to, and does, have a retroactive application. It is true there are many cases in which it is broadly stated that a limiting law will be construed as prospective only, in the absence of language clearly showing a contrary intent. Tischer v. City of Council Bluffs, 231 Iowa 1134, 3 N.W. 2d 166; Hinrichs v. Davenport Locomotive Works, 203 Iowa 1395, 1398, 214 N.W. 585; Thoeni v. City of Dubuque, 115 Iowa 482, 88 N.W. 967; Norris v. Tripp, 111 Iowa 115, 82 N.W. 610; Bonfils v. Public Utilities Comm., 67 Colo. 563, 189 P. 775. It is also sound law that the legislature may not take away all remedies so recovery is entirely barred. Kennedy v. City of Des Moines, 84 Iowa 187, 50 N.W. 880. There are, however, some other rules of construction which control our determination in the instant case. In Galusha v. Wendt, supra, at pages 602, 603, of 114 Iowa, page 514 of 87 N.W., it is said:

"If the statute refers to an existing condition, it is applicable, although the condition is one which has been in existence before the taking effect of the statute, and the construction gives it, therefore, a retroactive effect, notwithstanding the language of the statute is prospective only. * * * a remedial statute will be construed as applicable to a pre-existing and continuing condition * * *."

The three rules of construction, one of which is stated in the Galusha case, supra, which we think determine the case at

bar are these: First, for the purpose of determining the legislative intent as to retroactive or prospective application, the court will look at the language of the statute; second, it will consider the evil to be remedied; and third, it is of importance whether there was a previously existing statute governing or limiting the allotted period, and so whether, if the statute under analysis be held not retroactive, there will be any remedy for past conditions which the legislature has found objectionable.

■ We have set out the statute, section 626.97, above. While it does not state in exact terms that it applies to then outstanding certificates of sale, it does include "any" certificate of sale. At 53 C. J. S., Limitations of Actions, section 4c, page 915, it is said that the fact the statute makes no exception of existing causes of action raises a strong presumption it intended to make none. In Aetna Insurance Co. v. Chicago Great Western Railroad Co., 190 Iowa 487, 489, 180 N.W. 649, 651, 16 A. L. R. 249, we said:

"The expression 'any provision in any lease or contract' is broad enough to include *every release* [N.B., italics quoted] from liability, regardless of form, and every lease or contract, regardless of when made, if existing at the time of the injury or destruction. *There is nothing in the language of the statute restricting its meaning to leases or contracts of a subsequent date.*" (Italics ours.)

See also The Fred Smartley, Jr., 4 Cir., Va., 108 F.2d 603, and Sohn v. Waterson, 17 Wall. (84 U. S.) 596, 21 L. Ed. 737.

It is logical also to consider the condition which the statute was designed to remedy. We quote from Newgirg v. Black, 174 Iowa 636, 643, 156 N.W. 708, 710:

"It is, of course, true, as has been held repeatedly, that, in construing a statute, it is important to consider the state of the law before it was enacted and the evil it was designed to remedy, and that it is the business of courts to so construe an act as to suppress the mischief and advance the remedy."

In Haskel v. City of Burlington, 30 Iowa 232, 233, 234, the city had assessed a special tax in the year 1860 against the prop-

erty of plaintiff. In 1868 the legislature enacted a statute giving to cities and towns the right to collect delinquent taxes by summary sale. When an attempt was made to apply this against plaintiff's property for the collection of the delinquent 1860 tax and penalty, he sought an injunction to restrain such action, contending that the language of the statute did not make it retroactive. It was held that the language of the Act, how the law stood when the Act was passed, the mischief which it sought to prevent, and the remedy were all to be considered. This court said: "* * * it is the business of the courts so to construe the act as to suppress the mischief and advance the remedy."

The harm which section 626.97 was intended to eliminate was of course the uncertainties in land titles which the failure to present outstanding sale certificates for long periods certainly created. We have said that statutes giving greater stability to record titles are desirable, Lane v. Travelers Insurance Co., 230 Iowa 973, 978, 979, 299 N.W. 553; and that uncertainty in titles is not favored in the law. Hudnutt v. John Hancock Mutual Life Ins. Co., 224 Iowa 430, 275 N.W. 581.

We also take judicial notice of economic conditions prevailing at the time of the passage of this Act in 1941, and prior thereto. Murphy v. Smith, 222 Iowa 780, 269 N.W. 748; First Trust Joint Stock Land Bank v. Jelsma, 221 Iowa 1191, 268 N.W. 76; In re Durband, 8 F. Supp. 63. Under this rule we know that the severe economic depression of the 1930s had largely disappeared by 1941. We also know that the conditions during the depression brought about many more foreclosures and other distress sales of real estate under the sheriff's hammer. It must follow that in 1941 there was much more antecedent "mischief" to be remedied by a statute such as section 626.97, than prospective, at least in the immediate future. It seems logical, therefore, that the statute was meant to be retroactive; in fact, in view of the then past and present economic conditions, that its chief purpose was to cure then existing defects in titles.

Likewise must be taken into account the state of the law before the statute was enacted, as Haskel v. City of Burlington, supra, indicates. This question is discussed at some length in The Fred Smartley, Jr., supra, and it is held that when the stat-

ute does not expressly state whether it is intended to apply retroactively or prospectively only, the fact that no other statute limiting the right was applicable is to be taken as indicating it should be held to apply to existing causes of action as well as those accruing in the future. The legislature is not to be held to have intended to abate a part only of the mischief, leaving the rest without remedy, unless some sufficient reason therefor appears. Since there was no Iowa statute limiting the time within which sheriff's certificates of sale might be presented and a deed taken prior to the enactment of section 626.97, these authorities and this reasoning are applicable.

It is true the statute must leave a reasonable time for the holder of an existing cause of action or right to assert it. Berg v. Berg and Sohn v. Waterson, both supra; E. S. Parks Shellac Co. v. Jones, 265 Mass. 108, 163 N.E. 883, 884. But we have pointed out that here the defendant had more than seven and one-half years after the passage of the Act, and more than six and one-half years after its right to a deed became fixed by the lapse of the year of redemption, in which to present the certificate. Whether we hold to the reasonable time theory or adopt the one followed in The Fred Smartley, Jr., supra, and in Ross v. Duval, 13 Pet. (38 U. S.) 45, 10 L. Ed. 51, and Lewis v. Lewis, 7 How. (48 U. S.) 776, 12 L. Ed. 909, that the full statutory period commences when the cause is first subjected to the operation of the statute—in this case July 4, 1941—is immaterial. The certificate was not presented or the deed taken until July 14, 1951.

Defendant sets out at length and relies upon an opinion of the Attorney General of Iowa, dated March 25, 1942, in which it is held that the Act was prospective only under the facts there considered. The opinion is sound, but it is not in point here. The situation which the attorney general had before him concerned certificates of sale which had been issued more than eight years before the effective date of the Act. There was thus not only not a reasonable time, but no time at all within which the holders could act. We have pointed out above that there must be allowed at least a reasonable time. We have considered the other authorities cited by the defendant. Many of them enunciate the general rule without considering the principles of construction which we

have discussed above; some of them concern cases where the prescribed period had already elapsed before the effective date of the Act. Many cases have been cited by the able counsel for the respective parties, and our own research has brought to light still others. It is not possible to analyze and comment upon all of them. We are satisfied that the ruling of the trial court is in accord with precedent and reason.

Defendant's counsel suggests that since this is a quieting title action plaintiff must recover upon the strength of his own title rather than upon the weakness of his adversary's, and that because he lost all except a bare legal title upon the expiration of the year of redemption he is not entitled to a decree in any event. This thought is not argued in the briefs, and in any event is foreclosed against defendant by the stipulation above set out, which makes plaintiff the owner of the realty in question subject only to the rights of defendant under its certificate. Since we hold the certificate to be of no effect, plaintiff is left as the owner under the stipulation.—Affirmed.

SMITH, C. J., and OLIVER, GARFIELD, WENNERSTRUM, MULRONEY, and HAYS, JJ., concur.

BLISS, J., takes no part.

LARSON, J., not sitting.