COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-224-CV
 
COUNTY OF TARRANT, TEXAS                                              APPELLANT 
 
V.
 
JERRY COYEL                                                                          APPELLEE 
 
------------
 
FROM THE 
96TH DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
OPINION
 
------------
        Tarrant County appeals the trial court’s summary judgment rendered for 
Jerry Coyel. In three issues, Tarrant County contends that the trial court erred 
in granting Coyel’s motion for summary judgment. We will reverse and 
remand. 
        In 1976, Coyel purchased approximately eleven acres of land in Tarrant 
County, Texas, a portion of which was located in the designated flood plain of 
Village Creek. Coyel allowed dumping on his property until 1986. 
        In 1978, Tarrant County adopted a flood plain ordinance (the 1978 
ordinance) pursuant to the Flood Control and Insurance Act (the 1969 Act). 
 

 
Among other things, the 1978 ordinance required landowners to obtain a permit 
before filling property located within a flood plain. Tarrant County, Tex., 
Ordinance 46492, § G (1978). The 1978 ordinance also authorized the county 
to impose criminal and civil penalties against violators, including injunctive 
relief. Id. § J. Although Coyel continued to allow the dumping to occur on his 
property after the 1978 ordinance was enacted, he never obtained the required 
permit. 
        In 1997, the Texas Legislature enacted sections 16.322 and 16.323 of 
the Texas Water Code (the Code). Act of May 23, 1997, 75th Leg., R.S., ch. 
1346, § 1, 1997 Tex. Gen. Laws 5077, 5077 (current version at Tex. Water 
Code Ann. § 16.322 (Vernon 2000), § 16.323 (Vernon Supp. 2004)). These 
provisions specifically authorize certain counties to seek injunctive relief and/or 
civil penalties against individuals who have violated, are violating, or are 
threatening to violate the 1969 Act. Id. 
        In 2000, Tarrant County sued Coyel to enforce the 1978 ordinance. 
Coyel moved for partial summary judgment on the ground that enforcement of 
the 1978 ordinance would be an unlawful, retroactive enforcement of sections 
16.322 and 16.323 of the Code because Tarrant County had no authority to 
seek civil injunctive relief or civil penalties against Coyel until the enactment of 
these sections in 1997. See id. Therefore, Coyel contended that any violations 
committed prior to 1997 were not actionable. Tarrant County countered with 
its own motion for summary judgment alleging that it had the authority to 
enforce the Code and the 1978 ordinance promulgated pursuant to the 1969 
Act. 
        The trial court granted Coyel’s motion for summary judgment and denied 
Tarrant County’s motion. In its judgment, the trial court found the following: 
(1) “Tarrant County, Texas cannot enforce Sections 16.322 and 16.323 of the 
Texas Water Code against [Coyel] for actions that occurred prior to September 
1, 1997”; and (2) “prior to September 1, 1997, Tarrant County, Texas did not 
have statutory authority to impose civil penalties or seek injunctive relief against 
[Coyel] regarding violation of flood plain regulations.” Tarrant County appealed 
the summary judgment in favor of Coyel, but did not appeal the trial court’s 
denial of its own motion for summary judgment. 
        In a summary judgment case, the issue on appeal is whether the movant 
met his summary judgment burden by establishing that no genuine issue of 
material fact exists and that the movant is entitled to judgment as a matter of 
law. Tex. R. Civ. P. 166a(c); S.W. Elec. Power Co. v. Grant, 73 S.W.3d 211, 
215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 
678 (Tex. 1979). The burden of proof is on the movant, and all doubts about 
the existence of a genuine issue of material fact are resolved against the 
movant. S.W. Elec. Power Co., 73 S.W.3d at 215; Rhone-Poulenc, Inc. v. 
Steel, 997 S.W.2d 217, 223 (Tex. 1999); Great Am. Reserve Ins. Co. v. San 
Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). Therefore, we 
must view the evidence and its reasonable inferences in the light most favorable 
to the nonmovant. Great Am., 391 S.W.2d at 47. 
        A defendant is entitled to summary judgment if the summary judgment 
evidence establishes, as a matter of law, that at least one element of a 
plaintiff’s cause of action cannot be established. Elliott-Williams Co. v. Diaz, 
9 S.W.3d 801, 803 (Tex. 1999). The defendant as movant must present 
summary judgment evidence that negates an element of the plaintiff’s claim. 
Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). Once the 
defendant produces sufficient evidence to establish the right to summary 
judgment, the burden shifts to the plaintiff to come forward with competent 
controverting evidence raising a genuine issue of material fact with regard to 
the element challenged by the defendant. Id. 
        In point three, Tarrant County complains that the trial court erred in 
granting summary judgment for Coyel on the ground that sections 16.322 and 
16.323 of the Code do not apply retroactively to Coyel. Tarrant County 
contends that these sections of the Code are remedial in nature and do not 
affect a vested substantive right of Coyel. 
        It is well settled that “laws may not operate retroactively to deprive or 
impair vested substantive rights acquired under existing laws, or create new 
obligations, impose new duties, or adopt new disabilities in respect to 
transactions or considerations past.” In re Tex. Dep't of Protective & 
Regulatory Servs., 71 S.W.3d 446, 450 (Tex. App.—Fort Worth 2002, orig. 
proceeding) (quoting Ex parte Abell, 613 S.W.2d 255, 260 (Tex. 1981) (orig. 
proceeding)). On the other hand, no litigant has a vested right in a statute or 
rule that is remedial or procedural in nature and that affects no vested 
substantive right. Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 
S.W.3d 212, 219 (Tex. 2002); Abell, 613 S.W.2d at 260. “Changes in such 
statutes or rules are considered remedial in nature and have been held not to 
violate the provisions of Article 1, sec. 16 of the Constitution” barring the 
enactment of retroactive laws. Abell, 613 S.W.2d at 260. If a statute is 
remedial or procedural in nature, it controls all affected proceedings from the 
date it becomes law. Tex. Dep't of Protective & Regulatory Servs., 71 S.W.3d 
at 451. 
        In enacting sections 16.322 and 16.323 of the Code, the legislature 
expressly stated that these statutes do “not change the elements of a violation” 
under the 1969 Act. Act of May 23, 1997, 75th Leg., R.S., ch. 1346, § 2, 
1997 Tex. Gen. Laws 5077, 5077. Instead, they merely provide an “additional 
remedy for a violation or threatened violation of [the Code].” Id. As such, we 
conclude that sections 16.322 and 16.323 of the Code are remedial in nature. 
        Moreover, application of the Code to Coyel does not impair a vested 
substantive right. Landfill activity in the Village Creek flood plain has been 
regulated by city ordinance since 1978. The fact that there was no statutory 
remedy providing for an injunction and civil penalties for unauthorized dumping 
prior to the passage of sections 16.322 and 16.323 of the Code did not give 
Coyel a vested right to continue the unauthorized landfill activity with impunity. 
See Tex. Dep't of Protective & Regulatory Servs., 71 S.W.3d at 451; City of 
Fort Worth v. Morrow, 284 S.W. 275, 276 (Tex. Civ. App.—Fort Worth 1926, 
writ ref’d) (holding that a person does not have a vested interest in a particular 
remedy). At most, Coyel had no more than a mere expectation that the law as 
it existed when Tarrant County enacted the 1978 ordinance would remain 
unchanged. A right cannot be considered a vested substantive right unless it 
is something more than a mere expectation based upon an anticipated 
continuance of the present general laws. DuPre v. DuPre, 271 S.W.2d 829, 
831 (Tex. Civ. App.—Dallas 1954, no writ). “[N]o one has a vested right in the 
continuance of present laws in relation to a particular subject . . . .” Subaru, 
84 S.W.3d at 219 (quoting Middleton v. Tex. Power & Light Co., 108 Tex. 96, 
185 S.W. 556, 560 (1916)). 
        We hold that sections 16.322 and 16.323 of the Code are remedial in 
nature and that their application to Coyel does not affect a vested substantive 
right. Accordingly, we reverse the trial court’s judgment and remand this case 
to the trial court for further proceedings. 
 


 
 
                                                                  JOHN CAYCE 
                                                                  CHIEF JUSTICE 
 
PANEL A:   CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ. 
 
DAUPHINOT, J. filed a concurring opinion.
 
DELIVERED: November 20, 2003



COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-224-CV
 
COUNTY OF TARRANT, TEXAS                                              APPELLANT 
 
V.
 
JERRY COYEL                                                                          APPELLEE 
 
------------
 
FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
CONCURRING OPINION
 
------------
        I concur in the majority’s judgment. I point out only for the sake of 
clarity, however, that when Coyel bought the property and first began dumping 
fill, the record reflects no ordinance or statute limiting his ability to do so. 
Coyel does not raise a takings claim. The issue before us is limited to the 
retroactivity of sections 16.322 and 16.323 of the Texas Water Code. 
 
        I therefore concur in the majority opinion. 
 
                                                                  LEE ANN DAUPHINOT 
                                                                  JUSTICE
 
DELIVERED: November 20, 2003