**Robert Ray BAILEY, Relator,**

v.

**Honorable Andrew BAKER, Respondent.**

**No. C14–85–614–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 8, 1985.

Dennis B. Kelly, of Dennis B. Kelly, P.C., Houston, for relator.

Bill De La Garza, of De La Garza & Assoc., Houston, for respondent.

Before JUNELE, ROBERTSON and CANNON, JJ.

OPINION

ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

Motion for leave to file petition for writ of mandamus in this cause was filed in this court on August 2, 1985. Relator seeks to have this court order respondent "to vacate the protective order of April 10, 1985." The subject order was granted by respondent in a pending divorce suit in which the issue of managing conservatorship of a minor child is in issue. The protective order was issued in response to a "Request for Production" served upon Dr. Faust, Dr. Dempsey and Carol Ann Bailey (the real party in interest) for all records "concerning hospitalization, prognosis of any medical or psychological condition including any

diagnosis of any medical or psychological condition" of Carol Ann Bailey.

Relator contends that by virtue of Rule 510(d)(6), Texas Rules of Evidence, such records are discoverable because they would be relevant to the parent-child relationship issue in determining managing conservatorship.

The petition for mandamus shows the divorce case is set for trial August 19, 1985. There is no explanation for relator having waited from April 10 to August 2 to attempt to file this proceeding. While relator's argument appears to have merit, we decline to grant permission to file the petition for writ of mandamus because of the long delay involved and in waiting until only two weeks prior to the trial setting to present the matter to us. There appears to be no reason, however, why relator cannot compel the attendance of the two doctors at the trial of the divorce suit on its merits; place each on the stand as a witness and develop the issue at that time for consideration by the trial court. Should the trial court refuse to order disclosure of the records, a sufficient record can then be made for appellate review.

The motion for leave to file petition for writ of mandamus is denied.