In re TEXAS DEPARTMENT OF
PROTECTIVE AND REGULA-
TORY SERVICES, Relator.

No. 2–02–002–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 4, 2002.

Duke Hotten, TDPRS Special Litigation Attorney, Sarah R. Guidry, TDPRS Supervising Attorney, Austin, TX, Barry Macha, Criminal District Attorney and Lee Ann Haines, Assistant Criminal District Attorney, Wichita Falls, TX, for Relator.

Dean Sanders and Greg Merkle, Wichita Falls, TX, for Real Parties.

Rita Stevens, Wichita Falls, TX, Ad Litem.

Panel A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

## OPINION

PER CURIAM.

The issue before us is whether an amendment to Texas Family Code section 161.2011, effective September 1, 2001, applies to a case previously stayed pursuant to the prior version of that statute. We

hold the amendment does apply and that the trial court therefore abused its discretion in not vacating a stay order entered pursuant to the former statute.

## BACKGROUND

On August 9, 2000, Relator Texas Department of Protective and Regulatory Services (TDPRS) filed its original petition for emergency removal and protection of the two children of Kristie and Michael Kincannon (Kincannons), the real parties in interest. On that date, the children were removed from the home and TDPRS was named temporary sole managing conservator of both children. TDPRS later filed an amended petition seeking, among other things, termination of the Kincannons' parental rights on several grounds, including allegations of child abuse to one of the children. The Kincannons were subsequently indicted for the abuse alleged in the amended petition. These criminal charges remain pending.

Under former section 263.401 of Texas Family Code, TDPRS's suit was subject to mandatory dismissal on August 13, 2001.[1] On August 13, 2001, the trial court signed an order staying the cases an additional four days. On August 17, 2001, the trial court signed a second order staying indefinitely the final trial in the termination cases,[2] because of the indictments pending against the Kincannons. The trial court found that the criminal charges were directly related to the grounds for which termination of parental rights was sought, and that section 161.2011 of the Family

**1.** Act of May 31, 1997, 75th Leg., R.S., ch. 1022, § 90, 1997 Tex. Gen. Laws 3733, 3768–69, *amended by* Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 8, 2001 Tex. Gen. Laws 2395, 2396 (current version at Tex. Fam. Code Ann. § 263.401 (Vernon Supp.2002)).

**2.** *See* Act of May 31, 1997, 75th Leg., R.S., ch. 1022, § 61, 1997 Tex. Gen. Laws 3733, 3759, *amended by* Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 3, 2001 Tex. Gen. Laws 2395 (current version at Tex. Fam.Code Ann. § 161.2011 (Vernon Supp.2002)).

Code[3] operated in the termination cases to toll the one-year time limit imposed by section 263.401 of the Family Code.[4] The termination cases were stayed until the criminal charges against the Kincannons were disposed of.

On September 14, 2001, TDPRS filed a motion to vacate the stay order in light of a newly-effective amendment to section 161.2011 which, if applicable, would require the trial court to proceed to trial before the dismissal dates of section 263.401, notwithstanding any pending criminal charges. TDPRS also requested a preferential setting that would result in a final order being signed by February 9, 2002 (the 180th day after the initial twelve-month dismissal date of August 13, 2001). On October 23, 2001, the trial court denied the motion to vacate the stay.

On January 2, 2002, TDPRS filed this petition for writ of mandamus asserting the trial court abused its discretion in failing to vacate its stay order and in not proceeding to a final disposition of the termination cases.

## MANDAMUS REVIEW

In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex.2000) (orig. proceeding). A trial court clearly

3. Act of May 31, 1997, 75th Leg., R.S., ch. 1022, § 61, 1997 Tex. Gen. Laws 3733, 3759.

4. Act of May 31, 1997, 75th Leg., R.S., ch. 1022, § 90, 1997 Tex. Gen. Laws 3733, 3768–69.

5. The Kincannons contend TDPRS should be barred by the equitable doctrine of laches from bringing this original proceeding. We disagree. *See In re Bahn*, 13 S.W.3d 865, 871 (Tex.App.—Fort Worth 2000, orig. proceed-

abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id.*

Mandamus will not issue where there is a clear and adequate remedy at law, such as a normal appeal. *Id.* However, the Texas Supreme Court has recognized that "[j]ustice demands a speedy resolution of child custody and child support issues." *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987) (orig. proceeding). Additionally, section 263.304(b) of the Family Code states that the trial court shall set a final hearing "on a date that allows the court to render a final order before the date for dismissal of the suit under this chapter. Any party to the suit or an attorney ad litem for the child may seek a writ of mandamus to compel the court to comply with the duties imposed by this subsection." Tex. Fam.Code Ann. § 263.304(b) (Vernon Supp.2002). Accordingly, TDPRS has shown its right to mandamus review of a trial court violation of section 263.401.[5]

## FAMILY CODE PROVISIONS

At the time of the court's August 17, 2001 stay order, section 161.2011 provided:

ing)(two-month delay between trial court's order and filing of mandamus petition did not result in laches being shown). *Cf. Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367–68 (Tex.1993) (orig. proceeding) (delay in excess of four months between order complained of and filing of mandamus petition); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex.App.—Houston [14th Dist.] 1985, orig. proceeding) (delay of nearly four months in seeking mandamus relief).

§ 161.2011. *Continuance; Access to Child*

(a) The court shall not proceed to final trial in a suit to terminate the parent-child relationship *during the time that any criminal charges filed against a parent whose rights are subject to termination in the suit are pending* if the criminal charges are directly related to the grounds for which termination of the parent's rights are sought unless it determines that it is in the best interest of the child.

Act of May 31, 1997, 75th Leg., R.S., ch. 1022, § 61, 1997 Tex. Gen. Laws 3733, 3759 (emphasis supplied). However, section 263.401 stated certain mandatory deadlines as follows:

§ 263.401. *Dismissal After One Year; Extension*

(a) Unless the court has rendered a final order or granted an extension under Subsection (b), *on the first Monday after the first anniversary of the date the court rendered a temporary order* appointing the department as temporary managing conservator, *the court shall dismiss the suit* affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

(b) On or before the time described by Subsection (a) for the dismissal of the suit, *the court may extend the court's jurisdiction* of the suit for a period stated in the extension order, *but not longer than 180 days after the time described by Subsection (a),* if the court has continuing jurisdiction of the suit and the appointment of the department as temporary managing conservator is in the best interest of the child . . . .

(c) If the court grants an extension, the court shall render a final order or dismiss the suit on or before the date specified in the extension order and may not grant an additional extension.

Act of May 31, 1997, 75th Leg., R.S., ch. 1022, § 90, 1997 Tex. Gen. Laws 3733, 3768 (emphasis supplied).

The dismissal deadlines of section 263.401 were initially enacted to carry out the recommendation of a committee appointed by Governor George W. Bush that parental rights be terminated or families reunified within twelve months of the time TDPRS was appointed conservator. *In re Bishop*, 8 S.W.3d 412, 416 (Tex.App.—Waco 1999, orig. proceeding). The committee To Promote Adoption, which was charged with the task of "identifying ways to reduce legal, judicial and administrative barriers to adoption" for children in the custody of TDPRS, recommended that for children in TDPRS conservatorship there be "concurrent planning with clearly defined responsibilities and deadlines for the birth parents and either termination of parental rights or reunification with the family within 12 months of removal." *Id.* In 1997, the Texas Legislature amended the Family Code to "reflect the changes suggested" by the Governor's committee, and to carry out the recommendation of the Committee that parental rights be terminated or families reunified within twelve months. *Id.* at 416–17.

In 2001, sections 161.2011 and 263.401 were amended to read as follows:

§ 161.2011.

(a) A parent whose rights are subject to termination in a suit affecting the parent-child relationship and against whom criminal charges are filed that directly relate to the grounds for which termination is sought may file a motion requesting a continuance of the final trial in the suit until the criminal charges are resolved. The court may grant the mo-

tion only if the court finds that a continuance is in the best interest of the child. *Notwithstanding any continuance granted, the court* shall conduct status and permanency hearings with respect to the child as required by Chapter 263 and *shall comply with the dismissal date under Section 263.401.*

TEX. FAM.CODE ANN. § 161.2011 (Vernon Supp.2002) (emphasis supplied).

§ *263.401.*

(a) [Same as the prior version.]

(b) The court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a), if the court finds that continuing the appointment of the department as temporary managing conservator is in the best interest of the child....

....

(c) If the court grants an extension but does not render a final order or dismiss the suit on or before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b).

TEX. FAM.CODE ANN. § 263.401 (Vernon Supp.2002) (emphasis supplied).[6] Under section 10 of the Act, the effective date for these amendments was September 1, 2001:

SECTION 10. (a) Except as provided by Subsection (b) of this section, *the changes in law made by this Act apply to a pending suit affecting the parent-child relationship regardless of whether the suit was filed before, on, or after the effective date of this Act.*[7]

## DISCUSSION

TDPRS contends that under section 10 of the amended act the amendment to section 161.2011 that prohibits a continuance or stay of a termination proceeding beyond the 180 day time period in section 263.401(b) applies retroactively, and that, therefore, the trial court abused its discretion in not granting the TDPRS's motion to vacate the stay, to the extent it continues the case beyond 180 days after the original deadline of August 13, 2001. According to TDPRS, the right to a continuance pursuant to former section 161.2011 is merely a procedural or remedial statute and does not involve a vested right; therefore, the amended statute should apply. TDPRS also contends the trial court erred in failing to set the case for trial before the dismissal date of February 9, 2002, as mandated by section 263.401. In response, the Kincannons assert that amended section 161.2011 cannot retroactively invalidate the existing trial court stay order because to give it that effect would destroy or impair the Kincannons' vested substantive right to an automatic continuance of the termination cases until the Kincannons' criminal cases reached final disposition.

■■■ "It is well settled in this state that laws may not operate retroactively to deprive or impair vested substantive rights acquired under existing laws, or create new obligations, impose new duties, or adopt new disabilities in respect to transactions or considerations past." *Ex parte*

---

**6.** The changes to sections 161.2011 and 263.401 were encompassed in Chapter 1090 of the 2001 legislation, "AN ACT relating to certain suits affecting the parent-child relationship." Act of May 22, 2001, 77th Leg., R.S., ch. 1090, 2001 Tex. Gen. Laws 2395.

**7.** Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 10, 2001 Tex. Gen. Laws 2395, 2398 (emphasis supplied).

*Abell,* 613 S.W.2d 255, 260 (Tex.1981) (orig. proceeding); *see Corpus Christi People's Baptist Church, Inc. v. Nueces County Appraisal Dist.,* 904 S.W.2d 621, 626 (Tex. 1995). "On the other hand, no litigant has a vested right in a statute or rule which affects remedy or is procedural in nature and which affects no vested substantive right." *Abell,* 613 S.W.2d at 260. "Changes in such statutes or rules are considered remedial in nature and have been held not to violate the provisions of Article 1, sec. 16 of the Constitution." *Id.* If a statute is procedural or remedial in nature, "[i]t is the settled law that a litigant has no vested right in a remedy, and that remedial statutes are valid and control the litigation from the date they become a law, and all proceedings taken thereafter must be under the new law." *Phil H. Pierce Co. v. Watkins,* 114 Tex. 153, 263 S.W. 905, 907 (1924).

 We hold that the 2001 amendment to section 161.2011 of the Family Code does not involve a vested substantive right, but is procedural or remedial in nature. Accordingly, the amended statute controlled the underlying case from its effective date, September 1, 2001.[8] Therefore, the trial court abused its discretion in failing to grant TDPRS's motion to vacate the August 17, 2001 stay order, to the extent the order stays the underlying case beyond the time allowed under the amended version of section 161.2011, and in failing to set a date that allows the court to render a final order before the February 9, 2002 date of dismissal for these cases.

## CONCLUSION

We hold that the amended version of section 161.2011 effective September 1, 2001 applied retroactively to this case. We conditionally grant the writ of mandamus. We are confident the trial court will comply with this order and the writ will issue only if the trial court fails to vacate that part of its August 17, 2001 stay order staying the underlying cases beyond February 9, 2002, and fails to set the cases for final disposition before February 9, 2002.

---

8. In their response, the Kincannons rely on *Baker Hughes, Inc. v. Keco R. & D., Inc.,* 12 S.W.3d 1 (Tex.1999). *Baker,* however, is distinguishable. In *Baker,* the plaintiff filed suit well after the two-year limitations period expired. The Supreme Court of Texas held that although the case was pending on appeal on the date of a newly-enacted three-year limitations period (which applied to "pending" cases), once a case has become barred by limitations, the defendant has a vested right to rely on such statute as a defense. *Id.* at 4. The issue, therefore, in *Baker* was whether a party's vested substantive right to assert a cause of action would be barred by limitations if a new limitations period applied retroactively. The issue present-ed here is altogether different; that is, whether a new procedural deadline should be retroactively applied to a pending case involving a viable cause of action. We, therefore, conclude *Baker* is inapplicable.

The Kincannons also erroneously assert that the August 17 order was a nullity and, therefore, the trial court lost jurisdiction on that date and this mandamus proceeding is moot. While the trial court abused its discretion in not granting TDPRS's motion to vacate stay and request for preferential setting, its stay order is not void, at least to the extent that it stayed the case for 180 days after the initial August 13, 2001 deadline, or February 9, 2002.