**COUNTY OF TARRANT, Texas, Appellant,**

v.

**Jerry COYEL, Appellee.**

No. 2–02–224–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 20, 2003.

Rehearing Overruled Dec. 31, 2003.

Tim Curry, Criminal District Attorney, Larry M. Thompson, Asst. District Attorney, Fort worth, for Appellant.

E. Glenn Gidel, Steven H. Swander, Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

Tarrant County appeals the trial court's summary judgment rendered for Jerry Coyel. In three issues, Tarrant County contends that the trial court erred in granting Coyel's motion for summary judgment. We will reverse and remand.

In 1976, Coyel purchased approximately eleven acres of land in Tarrant County, Texas, a portion of which was located in the designated flood plain of Village Creek. Coyel allowed dumping on his property until 1986.

In 1978, Tarrant County adopted a flood plain ordinance (the 1978 ordinance) pursuant to the Flood Control and Insurance Act (the 1969 Act).[1] Among other things,

---

1. The Texas Legislature enacted the 1969 Act to minimize exposure of property to flood losses. *See* Act of May 24, 1969, 61st Leg., R.S., ch. 782, § 2, 1969 Tex. Gen. Laws 2313, 2313. The 1969 Act authorized counties to take all necessary and reasonable actions to comply with the requirements and criteria of the National Flood Insurance Program by declaring property to be in violation of local laws, regulations, or ordinances. *Id.* § 5, 2314–15. Specifically, counties were granted the authority to adopt "permanent land use and control measures with enforcement provisions which are consistent with the criteria for land management and use adopted by the Secretary." *Id.* § 5(13), 2315. Although the legislature amended the 1969 Act in 1977, this section remained unchanged. Act of May

the 1978 ordinance required landowners to obtain a permit before filling property located within a flood plain. TARRANT COUNTY, TEX., ORDINANCE 46492, § G (1978). The 1978 ordinance also authorized the county to impose criminal and civil penalties against violators, including injunctive relief. *Id.* § J. Although Coyel continued to allow the dumping to occur on his property after the 1978 ordinance was enacted, he never obtained the required permit.

In 1997, the Texas Legislature enacted sections 16.322 and 16.323 of the Texas Water Code (the Code). Act of May 23, 1997, 75th Leg., R.S., ch. 1346, § 1, 1997 Tex. Gen. Laws 5077, 5077 (current version at TEX. WATER CODE ANN. § 16.322 (Vernon 2000), § 16.323 (Vernon Supp. 2004)). These provisions specifically authorize certain counties to seek injunctive relief and/or civil penalties against individuals who have violated, are violating, or are threatening to violate the 1969 Act. *Id.*

In 2000, Tarrant County sued Coyel to enforce the 1978 ordinance. Coyel moved for partial summary judgment on the ground that enforcement of the 1978 ordinance would be an unlawful, retroactive enforcement of sections 16.322 and 16.323 of the Code because Tarrant County had no authority to seek civil injunctive relief or civil penalties against Coyel until the enactment of these sections in 1997. *See id.* Therefore, Coyel contended that any violations committed prior to 1997 were not actionable. Tarrant County countered with its own motion for summary judgment alleging that it had the authority to enforce the Code and the 1978 ordinance promulgated pursuant to the 1969 Act.

The trial court granted Coyel's motion for summary judgment and denied Tarrant County's motion. In its judgment, the tri-

al court found the following: (1) "Tarrant County, Texas cannot enforce Sections 16.322 and 16.323 of the Texas Water Code against [Coyel] for actions that occurred prior to September 1, 1997"; and (2) "prior to September 1, 1997, Tarrant County, Texas did not have statutory authority to impose civil penalties or seek injunctive relief against [Coyel] regarding violation of flood plain regulations." Tarrant County appealed the summary judgment in favor of Coyel, but did not appeal the trial court's denial of its own motion for summary judgment.

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Southwestern Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Southwestern Elec. Power Co.,* 73 S.W.3d at 215; *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex. 1999); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *Elliott–Williams Co. v. Diaz,* 9 S.W.3d 801, 803 (Tex.1999). The defendant as movant

17, 1977, 65th Leg., R.S., ch. 870, § 1, 1977     Tex. Gen. Laws 2207, 2266.

must present summary judgment evidence that negates an element of the plaintiff's claim. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995). Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant. *Id.*

In point three, Tarrant County complains that the trial court erred in granting summary judgment for Coyel on the ground that sections 16.322 and 16.323 of the Code do not apply retroactively to Coyel. Tarrant County contends that these sections of the Code are remedial in nature and do not affect a vested substantive right of Coyel.

■ It is well settled that "laws may not operate retroactively to deprive or impair vested substantive rights acquired under existing laws, or create new obligations, impose new duties, or adopt new disabilities in respect to transactions or considerations past." *In re Tex. Dep't of Protective & Regulatory Servs.,* 71 S.W.3d 446, 450 (Tex.App.-Fort Worth 2002, orig. proceeding) (quoting *Ex parte Abell,* 613 S.W.2d 255, 260 (Tex.1981) (orig.proceeding)). On the other hand, no litigant has a vested right in a statute or rule that is remedial or procedural in nature and that affects no vested substantive right. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 219 (Tex.2002); *Abell,* 613 S.W.2d at 260. "Changes in such statutes or rules are considered remedial in nature and have been held not to violate the provisions of Article 1, sec. 16 of the Constitution" barring the enactment of retroactive laws. *Abell,* 613 S.W.2d at 260. If a statute is remedial or procedural in

nature, it controls all affected proceedings from the date it becomes law. *Tex. Dep't of Protective & Regulatory Servs.,* 71 S.W.3d at 451.

■ In enacting sections 16.322 and 16.323 of the Code, the legislature expressly stated that these statutes do "not change the elements of a violation" under the 1969 Act. Act of May 23, 1997, 75th Leg., R.S., ch. 1346, § 2, 1997 Tex. Gen. Laws 5077, 5077. Instead, they merely provide an "additional remedy for a violation or threatened violation of [the Code]." *Id.* As such, we conclude that sections 16.322 and 16.323 of the Code are remedial in nature.

■ Moreover, application of the Code to Coyel does not impair a vested substantive right. Landfill activity in the Village Creek flood plain has been regulated by city ordinance since 1978. The fact that there was no statutory remedy providing for an injunction and civil penalties for unauthorized dumping prior to the passage of sections 16.322 and 16.323 of the Code did not give Coyel a vested right to continue the unauthorized landfill activity with impunity. *See Tex. Dep't of Protective & Regulatory Servs.,* 71 S.W.3d at 451; *City of Fort Worth v. Morrow,* 284 S.W. 275, 276 (Tex.Civ.App.-Fort Worth 1926, writ ref'd) (holding that a person does not have a vested interest in a particular remedy). At most, Coyel had no more than a mere expectation that the law as it existed when Tarrant County enacted the 1978 ordinance would remain unchanged. A right cannot be considered a vested substantive right unless it is something more than a mere expectation based upon an anticipated continuance of the present general laws. *DuPre v. DuPre,* 271 S.W.2d 829, 831 (Tex.Civ.App.-Dallas 1954, no writ). "[N]o

one has a vested right in the continuance of present laws in relation to a particular subject...." *Subaru,* 84 S.W.3d at 219 (quoting *Middleton v. Tex. Power & Light Co.,* 108 Tex. 96, 185 S.W. 556, 560 (1916)).

We hold that sections 16.322 and 16.323 of the Code are remedial in nature and that their application to Coyel does not affect a vested substantive right. Accordingly, we reverse the trial court's judgment and remand this case to the trial court for further proceedings.[2]

LEE ANN DAUPHINOT, J. filed a concurring opinion.

LEE ANN DAUPHINOT, Justice, concurring.

I concur in the majority's judgment. I point out only for the sake of clarity, however, that when Coyel bought the property and first began dumping fill, the record reflects no ordinance or statute limiting his ability to do so. Coyel does not raise a takings claim. The issue before us is limited to the retroactivity of sections 16.322 and 16.323 of the Texas Water Code.

I therefore concur in the majority opinion.

---

**2.** Because Tarrant County's third issue is dispositive of this appeal, we need not address its remaining issues. *See* Tex.R.App. P. 47.1.