**DENY and Opinion Filed September 23, 2020**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

### No. 05-20-00832-CV

## IN RE AMERICAN AIRLINES, INC., Relator

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-01085-A**

## MEMORANDUM OPINION

Before Justices Osborne, Reichek, and Browning
Opinion by Justice Browning

In this original proceeding, relator challenges the trial court's August 7, 2019 order denying its request for a protective order and directing relator to present an apex executive for deposition. A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id.* (internal brackets and quotation marks omitted).

An unexplained delay of four months or more can constitute laches and result in denial of mandamus relief. *See Rivera*, 858 S.W.2d at 366 (unexplained delay of more than four months); *Int'l Awards, Inc. v. Medina*, 900 S.W.2d 934, 936 (Tex. App.—Amarillo 1995, orig. proceeding) (unexplained delay of more than four months and waited until eve of trial); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, no writ) (unexplained four-month delay in challenging discovery orders); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding) (unexplained four-month delay and filed two weeks before trial).

Here, relators did not file the petition for writ of mandamus until September 17, 2020—more than a year after the challenged order was signed. We conclude that relators' unexplained delay bars their right to mandamus relief. Accordingly, we deny the petition for writ of mandamus.

/John G. Browning/
JONG G. BROWNING
JUSTICE

200832F.P05

–2–