**DENIED and Opinion Filed September 18, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00960-CV**

**IN RE AUTO CLUB COUNTY MUTUAL INSURANCE COMPANY AND MICHAEL MILLIGAN, Relators**

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-04838-A**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Kennedy
Opinion by Justice Garcia

In this original proceeding, relators challenge the trial court's May 3, 2024 order granting real party in interest's motion to quash and for protective order against relators' notice of intention to take deposition by written questions. We deny relators' petition for writ of mandamus for two independent reasons: laches and failure to address all possible bases for the challenged order.

A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Although mandamus is not an equitable

remedy, its issuance is controlled largely by equitable principles. *In re Wages & White Lion Invs., LLC*, No. 05-21-00650-CV, 2021 WL 3276875, at *1 (Tex. App.—Dallas July 30, 2021, orig. proceeding) (mem. op.). One such principle is that equity aids the diligent and not those who slumber on their rights. *Id.*

An unexplained delay of four months or more can constitute laches and result in denial of mandamus relief. *Id.*; *see also Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, orig. proceeding) (unexplained four-month delay in challenging discovery orders); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding) (per curiam) (unexplained delay of almost four months; mandamus petition filed two weeks before trial). We have applied laches based on an unexplained delay of only three months. *In re Kennedy*, No. 05-19-00035-CV, 2019 WL 409474, at *1 (Tex. App.—Dallas Feb. 1, 2019, orig. proceeding) (mem. op.)

Here, relators filed their mandamus petition almost three-and-a-half months after the trial judge signed the challenged order and less than six weeks before the scheduled trial date. Relators filed a reply brief attributing the delay to the time needed to request the reporter's record, prepare the mandamus record, and brief the issues. But the reporter's record appears to have been completed on May 22, 2024, which was less than three weeks after the hearing, and relators' general explanations for the delay are not persuasive. We conclude that relators' delay bars any right to mandamus relief. *See In re Wages & White Lion*, 2021 WL 3276875, at *1 (holding

–2–

that laches applied based on unexplained delay of four-and-a-half months after oral ruling and three months after written order); *see also In re Kennedy*, 2019 WL 409474, at *1.

Additionally, relators are not entitled to relief because they have not challenged all possible bases for the trial judge's order. *See In re Baker*, No. 05-17-01205-CV, 2017 WL 4928192, at *1 (Tex. App.—Dallas Oct. 31, 2017, orig. proceeding) (mem. op.) (denying mandamus petition because relators did not challenge every possible ground for trial judge's order). At the hearing of real party in interest's motion to quash, two separate delays were discussed as reasons the motion to quash should be granted: (1) relators' delay in sending their notice of intention to take deposition by written questions and (2) their delay in setting the motion to quash for hearing. In their mandamus petition, relators present argument regarding only the second delay. Because they do not present argument and authorities regarding the first delay, they have not shown an entitlement to relief. *See id.*

We deny relators' petition for writ of mandamus. Because we deny mandamus relief, we also deny relators' August 22, 2024 emergency motion for temporary relief as moot.

240960f.p05
Pedersen, III, J. dissents.

/Dennise Garcia//
DENNISE GARCIA
JUSTICE