ACCEPTED
15-24-00130-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/15/2025 11:45 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00130-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/15/2025 11:45:18 AM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT OF TEXAS

# IN RE ENERGY TRANSFER LP AND ETC TEXAS PIPELINE, LTD.

Original proceeding arising from
the First Business Court Division, Dallas County
Hon. Bill Whitehill, Presiding
Cause No. 24-BC01B-0005

## REAL PARTIES' RESPONSE TO RELATORS' PETITION FOR WRIT OF MANDAMUS

Joel W. Reese
  State Bar No. 00788258
  joel.reese@rm-firm.com
Tyler J. Bexley
  State Bar No. 24073923
  tyler.bexley@rm-firm.com
**REESE MARKETOS LLP**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201-3201
214.382.9810 telephone
214.501.0731 facsimile

*Counsel for Real Parties in Interest*

i

## SUPPLEMENT TO RELATORS'
## IDENTITY OF PARTIES AND COUNSEL

**Real Parties in Interest:**                Culberson Midstream LLC
                                             Culberson Midstream Equity, LLC
                                             Moontower Resources Gathering, LLC
                                             (collectively, "Culberson")

**Counsel for Real**                         Joel W. Reese
**Parties in Interest:**                     Tyler J. Bexley
                                             Brett Rosenthal
                                             Allison N. Cook
                                             **Reese Marketos LLP**
                                             750 N. Saint Paul St., Suite 600
                                             Dallas, Texas 75201-3201

                                             Stephen F. Malouf
                                             Jonathan Nockels
                                             Sarah Shulkin
                                             **Malouf & Nockels LLP**
                                             12720 Hillcrest Road, Suite 1045
                                             Dallas, Texas 75230

**TABLE OF CONTENTS**

**Page(s)**

STATEMENT OF THE CASE ................................................................... vii

ISSUE PRESENTED ............................................................................ viii

STATEMENT OF FACTS ......................................................................... 1

SUMMARY OF ARGUMENT ................................................................... 2

ARGUMENT ........................................................................................... 5

   I.   Mandamus Standard of Review ............................................................ 5

  II.  The trial court did not abuse its discretion in ruling that H.B. 19 bars removal of this pre-September 1, 2024, case ........................................ 6

       A.  Under the plain text of H.B. 19, only cases filed on or after September 1, 2024, can be removed to the Business Court ........ 6

       B.  The trial court's application of H.B. 19 is consistent with the rule of construction that presumes a statute to operate prospectively ..................................................................... 9

       C.  Public policy supports the trial court's application of H.B. 19 ..................................................................................... 13

       D.  The trial court's application of H.B. 19 is consistent with the legislative history, guidance from the Office of Court Administration, and legal commentary .................................... 15

PRAYER ................................................................................................ 19

CERTIFICATION .................................................................................. 21

CERTIFICATE OF COMPLIANCE ......................................................... 21

CERTIFICATE OF SERVICE ................................................................. 22

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*City of Dallas v. TCI West End, Inc.*,
463 SW.3d 53 (Tex. 2015) ........................................................................ 6

*In re Prudential Ins. Co. of Am.*,
148 S.W.3d 124 (Tex. 2004) ..................................................................... 5

*Jaster v. Comet II Const., Inc.*,
438 S.W.3d 556 (Tex. 2014) ..................................................................... 6

*Jorrie v. Charles*,
No. 24-BC04B-0001, 2024 WL 4796436 (Tex. Bus. Ct. Nov. 7, 2024) .... 3

*Lone Star NGL Prod. Servs. LLC v. EagleClaw Midstream Ventures, LLC*,
No. 24-BC11A-0004, 2024 WL 5202356 (Tex. Bus. Ct. Dec. 20, 2024)... 3

*Seter v. Westdale Asset Mgmt., Ltd.*,
No. 24-BC01A-0006, 2024 WL 5167241 (Tex. Bus. Ct. Dec. 16, 2024)... 3

*Synergy Global Outsourcing, LLC v. Hinduja Global Solutions, Inc.*,
No. 24-BC01B-0007, 2024 WL 5083646 (Tex. Bus. Ct. Oct. 31, 2024) ... 3

*Tema Oil & Gas Co. v. ETC Field Servs., LLC*,
No. 24-BC08B-0001, 2024 WL 4796433 (Tex. Bus. Ct. Nov. 6,
2024) ...................................................................................................... 3, 8

*Walker v. Packer*,
827 S.W.2d 833 (Tex. 1992) ..................................................................... 5

*Winans v. Berry*,
No. 24-BC04A-0002, 2024 WL 4796435 (Tex. Bus. Ct. Nov. 7, 2024).... 3

*XTO Energy, Inc. v. Houston Pipe Line Co., LP*,
No. 24-BC11B-0008, 2024 WL 5082881 (Tex. Bus. Ct. Nov. 26,
2024) .............................................................................................. 3, 7, 8, 11

**Statutes**

77th Leg., R.S., ch. 1090, § 10, 2001 Tex. Gen. Laws 2395, 2398 (H.B. 2249)..................................................................................................9-10

79th Leg., R.S., H.B. 410, § 2................................................................ 10

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 847, 899 ......................................................................... 12

Acts 2023, 88th Leg., ch. 380 (H.B. 19) ..........................2-13, 6-7 15-16, 19

Acts 2023, 88th Leg., ch. 459 (S.B. 1045) ............................................. 10

H.B. 1578 ............................................................................................. 12

H.B. 4 .................................................................................................. 12

Tex. Gov't Code § 311.021 .................................................................... 13

Tex. Gov't Code § 311.021(4)................................................................ 15

Tex. Gov't Code § 311.022. ............................................................... 4, 9

Tex. Gov't Code § 311.023 .............................................................. 13, 15

Tex. Gov't Code § 311.023(6)................................................................ 16

Tex. H.B. 1622...................................................................................... 12

Tex. H.B. 2730...................................................................................... 12

Tex. S.B. 1201 ...................................................................................... 12

Texas Probate Code § 5B ...................................................................... 12

**Other Authorities**

Andrew Debter & Timothy Wells, Texas Means Business: What to Expect Upon the Arrival of Texas's New Business Courts, Brown Fox PLLC (Aug. 14, 2023)................................................................................. 19

LeElle B. Slifer & John Sullivan, Business Courts in Texas – Final Rules Approved, Winston & Strawn LLP (Aug. 29, 2024)................................. 18

Mitch Garrett & D. Hunter Polvi, Texas Business Court: Essentials, Strategies, & Advocacy – Part II, Dallas Association of Young Lawyers (Aug. 27, 2024) .................................................................................. 18

## STATEMENT OF THE CASE

**Nature of the Case:** This is a contract dispute arising from Culberson's claim that Relator Energy Transfer LP breached an Option Agreement that required Energy Transfer to purchase Culberson, a gas gathering company. Energy Transfer alleged it was fraudulently induced into the Option Agreement. The case was filed in the 193rd District Court of Dallas County on April 8, 2022. R58.

**Trial Court:** Texas Business Court First Division, Dallas County, the Honorable Bill Whitehill presiding.

**Trial Court's Disposition:** Relators removed this case from the 193rd District Court of Dallas County to the First Division of the Texas Business Court in Dallas County. R17. The trial court ordered briefing to determine whether it had jurisdiction to hear the case under the statute that created the Business Court. R23, R42. After reviewing the briefing, the trial court determined that it lacked jurisdiction and entered an order remanding the case to the 193rd District Court of Dallas County. R58-67. Relators filed a notice of appeal and then later filed this mandamus proceeding after Culberson moved to dismiss the appeal for lack of jurisdiction.

## ISSUE PRESENTED

Whether the trial court abused its discretion by remanding the case for lack of jurisdiction, when:

1.  the plain text of H.B. 19 limits the jurisdiction of the Business Court to cases filed on or after September 1, 2024; and

2.  this case was filed before September 1, 2024.

## STATEMENT OF FACTS

This is a contract dispute in which Culberson alleges that Relator Energy Transfer LP breached an Option Agreement that required Energy Transfer to purchase Culberson, a gas gathering company. Energy Transfer contends that it was fraudulently induced into the Option Agreement.

Relators filed this case in the 193rd District Court of Dallas County on April 8, 2022. R58. In the nearly three years this case has been pending, the Dallas County trial court judge, the Honorable Bridgett Whitmore, has heard and decided five motions for summary judgment and several other substantive motions; the Dallas Court of Appeals has considered multiple interlocutory appeals; and a petition for review is currently pending before the Texas Supreme Court. *See* R59 ("The district court's docket sheet shows fifty-seven pages of district and appellate court activity from April 8, 2022, until August 31, 2024."). Judge Whitmore's summary judgment rulings granted an interlocutory partial summary judgment awarding Culberson more than $100 million in damages and prejudgment interest and dismissed

1

all of Relators' claims other than one for fraud. R96-99. That claim is set for a jury trial on January 21, 2025.

Following these rulings, Relators sought to remove this case to the Business Court on September 30, 2024. R17. On October 1, 2024, the Honorable Bill Whitehill, Judge of the Texas Business Court, First Division, ordered "briefing by all parties regarding what effect, if any, Acts 2023, 88th Leg., ch. 380 (H.B. 19), § 8, eff. Sept. 1, 2023 (HB 19, § 8) has on this court's authority to hear this case." R23. The parties filed the requested briefing in October 2024. R26-57. On October 30, 2024, the trial court remanded the case to the 193rd District Court "because plaintiffs filed this suit on April 8, 2022, but this court does not have authority over cases filed before September 1, 2024." R58-59. The trial court reasoned that the plain text of H.B. 19, the statute that created the Business Court, "limit[ed] § 25A.006's removal provisions to cases filed on or after September 1, 2024." R64.

## SUMMARY OF ARGUMENT

The trial court correctly applied H.B. 19 to preclude removal of cases filed before September 1, 2024. H.B. 19 changed Texas law by

creating a new business court system. Section 8 of H.B. 19 made the statute's application prospective rather than retroactive, providing that "[t]he changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." H.B. 19, § 8. By including this provision, the Legislature clearly indicated that the "*changes in law*"— that is, the ability to file and remove cases in the Business Court—apply to cases filed on or after September 1, 2024. Every judge in the Business Court that has addressed the issue has ruled the same way, holding that the plain text of H.B. 19 precludes removal of cases filed before September 1, 2024.[1]

    This interpretation is correct, and the trial court did not abuse its discretion in ruling the same way here, for four reasons.

---

[1] *See Lone Star NGL Prod. Servs. LLC v. EagleClaw Midstream Ventures, LLC*, No. 24-BC11A-0004, 2024 WL 5202356 (Tex. Bus. Ct. Dec. 20, 2024) (Adrogue, J.); *Seter v. Westdale Asset Mgmt., Ltd.*, No. 24-BC01A-0006, 2024 WL 5167241 (Tex. Bus. Ct. Dec. 16, 2024) (Bouressa, J.); *XTO Energy, Inc. v. Houston Pipe Line Co., LP*, No. 24-BC11B-0008, 2024 WL 5082881 (Tex. Bus. Ct. Nov. 26, 2024) (Dorfman, J.); *Winans v. Berry*, No. 24-BC04A-0002, 2024 WL 4796435 (Tex. Bus. Ct. Nov. 7, 2024) (Barnard, J.); *Jorrie v. Charles*, No. 24-BC04B-0001, 2024 WL 4796436 (Tex. Bus. Ct. Nov. 7, 2024) (Sharp, J.); *Tema Oil & Gas Co. v. ETC Field Servs., LLC*, No. 24-BC08B-0001, 2024 WL 4796433 (Tex. Bus. Ct. Nov. 6, 2024) (Bullard, J.); *Synergy Global Outsourcing, LLC v. Hinduja Global Solutions, Inc.*, No. 24-BC01B-0007, 2024 WL 5083646 (Tex. Bus. Ct. Oct. 31, 2024) (Whitehill, J.).

*First*, the plain text of H.B. 19 limits application of the removal provisions to cases filed "on or after September 1, 2024." H.B. 19, § 8. Relators filed this lawsuit on April 8, 2022, making it ineligible for removal.

*Second*, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Tex. Gov't Code § 311.022. The Legislature is aware of this presumption and has included language in other statutes to make them explicitly applicable to pending lawsuits. The absence of such language in H.B. 19 is fatal to Relators' arguments.

*Third*, public policy supports the trial court's ruling. Specifically, the trial court's application of H.B. 19 prevents late-stage removal of cases where a litigant is unhappy with the current judge's rulings and ensures that the Business Court has sufficient resources to handle the volume of cases that are eligible for removal.

*Fourth*, the trial court's application of H.B. 19 is consistent with the legislative history, guidance from the Office of Court Administration, and legal commentary.

The trial court did not abuse its discretion in remanding this case based on the clear and unambiguous limiting language in H.B. 19. The Court should deny Relators' petition for mandamus.

## ARGUMENT

### I. Mandamus Standard of Review

Mandamus is "an extraordinary remedy, available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). To be entitled to mandamus relief, the relator must establish that the trial court committed a clear abuse of discretion for which the relator "has no adequate remedy by appeal." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). Such abuse of discretion occurs only if the trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (cleaned up).

**II.    The trial court did not abuse its discretion in ruling that H.B. 19 bars removal of this pre-September 1, 2024, case.**

**A.    Under the plain text of H.B. 19, only cases filed on or after September 1, 2024, can be removed to the Business Court.**

Texas courts enforce statutes "as written" and "refrain from rewriting text that lawmakers choose." *Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014). In so doing, courts give effect to all the words in a statute and "must avoid adopting an interpretation that renders any part of the statute meaningless." *City of Dallas v. TCI West End, Inc.*, 463 SW.3d 53, 55-56 (Tex. 2015) (citation and internal quotation marks omitted).

Here, H.B. 19 is clear and unambiguous: "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." H.B. 19, § 8. According to Relators, the purpose of Section 8 is to "make[] clear that no matter what, the business courts will be open to accept cases as of September 1, 2024." Rel.'s Br. at 15. But that's not what Section 8 says. Section 8 makes no mention of when the Business Court will be "open to accept cases." Rather, Section 8 describes which

6

civil actions the "changes in law" in H.B. 19 apply to—namely, actions "commenced on or after September 1, 2024." H.B. 19, § 8.

There is already another provision in H.B. 19 that tells litigants when the Business Court is open: Section 5 states, "Except as otherwise provided by this Act, the business court is created September 1, 2024." H.B. 19, § 5. The Business Court "needed no further authorization to accept cases commenced on or after September 1; the day a court is created is the day it can start accepting cases. So [Relators'] reading of Section 8 renders its date reference at best superfluous, and possibly a nullity—contrary to the canon that presumes the entirety of a statute is intended to have effect." *XTO Energy*, 2024 WL 5082881, at *2; *see TCI West End*, 463 S.W.3d at 57 (explaining that courts should give effect to each word in a statute and "eschew constructions of a statute that render any statutory language meaningless or superfluous").

Relators contend that the trial court's interpretation of H.B. 19 wrongly inserts the word "only" into Section 8. Not so. The trial court correctly pointed to the negative implication cannon to find that the Legislature's inclusion of Section 8 in H.B. 19 "implies that the changes

7

in the law—including the removal provisions—do not apply to cases filed before that date." R66. Under this cannon of statutory interpretation, "the Act's express statement that its changes in law apply to 'cases commenced on or after September 1, 2024' necessarily implies a reverse inference: that the change in law—removal, in this instance—does *not apply* to cases that were on file before that date." *XTO Energy*, 2024 WL 5082881, at *3; *accord Tema Oil & Gas*, 2024 WL 4796433, at *5 ("[T]here was no need for the legislature to insert 'only' or other limiting clarifying phrases in the applicability clause to expressly indicate that the new law did not apply retroactively to non-existing pending cases. It would have been superfluous for the legislature to have done so.").

In short, Section 8 of H.B. 19 clearly indicates that the "changes in law"—that is, the ability to file and remove cases in the Business Court—apply to cases filed on or after September 1, 2024. Without the "changes in law," Relators' removal would be a legal nullity because there would be no mechanism to remove a case from a state district court and no court to remove a case to. The trial court correctly applied the

8

plain text of H.B. 19 to preclude removal of this pre-September 2024 case.

**B. The trial court's application of H.B. 19 is consistent with the rule of construction that presumes a statute to operate prospectively.**

Under the Code Construction Act, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Tex. Gov't Code § 311.022.[2] The Legislature is aware of this presumption and knows how to include language to expressly make a statute retroactive and applicable to pending lawsuits. For example:

- Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 10, 2001 Tex. Gen. Laws 2395, 2398 (H.B. 2249) (emphasis added): "Except as provided by Subsection (b) of this section, the changes in law made by this Act apply to a pending suit affecting the parent-child relationship *regardless of whether the suit was filed before, on, or after the effective date of this Act*."[3]

---

[2] Relators preemptively defend against a constitutional retroactivity argument that Culberson is not making. Culberson's arguments about retroactivity are based on the Code Construction Act, not the constitutional prohibition.

[3] Relators attempt to distinguish this language in H.B. 2249, claiming that it was necessary because the amendment at issue "was arguably substantive because of its effect on parent-child relationships." Rel.'s Br. at 22. But a cursory review of the language added by H.B. 2249 shows that the statute merely made changes to the procedural rules governing suits involving parental rights. *See In re Tex. Dep't of Protective & Regulatory Servs.*, 71 S.W.3d 446, 450-51 (Tex. App.—Fort Worth 2002, orig. proceeding) (reviewing H.B. 2249 and noting that its provisions— including one related to the permissible length for a continuance—were "procedural

- Act of May 25, 2005, 79th Leg., R.S., H.B. 410, § 2 (emphasis added): "The changes in law made by this Act apply to a suit for dissolution of a marriage *pending before a trial court on or filed on or after the effective date of this Act.*"

In fact, S.B. 1045—the statute that created this Court—demonstrates that the Legislature understood how to authorize the transfer of pending cases to a new court. Section 1.15 of S.B. 1045 contains similar language to Section 8 of H.B. 19: "The changes in law made by this Act apply to appeals perfected on or after September 1, 2024." Acts 2023, 88th Leg., ch. 459 (S.B. 1045, § 1.15(a)), General and Special Laws of Texas. However, the immediately following provision states:

> On September 1, 2024, all cases pending in other courts of appeal that were filed on or after September 1, 2023, and of which the Court of Appeals for the Fifteenth Court of Appeals District has exclusive intermediate appellate jurisdiction are transferred to the Court of Appeals for the Fifteenth Court of Appeals District.

*Id.* § 1.15(b). In other words, the Legislature passed authorizing legislation for the Business Court and for the Fifteenth Court of Appeals

---

or remedial in nature"). Relators' attempt to explain away the retroactive-application language that is present in H.B. 2249 but absent from H.B. 19 falls flat.

10

around the same time, but it only included a provision that applies retroactively in one of them. Had the Legislature intended to permit removal to the Business Court in cases filed before September 1, 2024, it could (and would) have included a similar provision in H.B. 19.

Relators argue the inverse to support remand—*i.e.*, that the Legislature would have expressly prohibited removal of cases filed before September 1, 2024, if that was the intended result. In support of their argument, Relators point to five examples of other statutes where the Legislature included the word "only" and a provision precluding retroactive application of the statute. Rel.'s Br. at 16-18. According to Relators, the absence of similar language in H.B. 19 renders the statute retroactive. But Relator's argument "would flip the presumption of non-retroactivity on its head." *XTO Energy*, 2024 WL 5082881, at *3 (applying the presumption against retroactivity to H.B. 19).

Additionally, the five example statutes Relators provide are distinguishable from H.B. 19. The "change in law" at issue in each of Relators' examples was a clarification or modification of an *existing*

11

right or remedy.[4] Hence, the "change in law" referenced in each of those statutes would necessarily impact ongoing proceedings in the absence of limiting language. That concern is not present here, where the "change in law" is the creation of an entirely new court system that did not exist before September 1, 2024. These example statutes do not help Relators' efforts to avoid the presumption that H.B. 19 applies prospectively and not retroactively.

---

[4] H.B. 1578 sought to "remedy th[e] situation" caused by the then-prevailing interpretation of § 38.001 by "expanding the types of entities from which attorney's fees may be recovered in applicable cases." Bill Analysis, Tex. H.B. 1578, 87th Leg., R.S. (2021), https://capitol.texas.gov/tlodocs/87R/analysis/pdf/HB01578H.pdf. H.B. 2370 sought to address "unexpected" and perceived "overly broad" applications of the TCPA by "clarifying the scope and applicability of those provisions." Bill Analysis, Tex. H.B. 2730, 86th Leg., R.S. (2019), https://capitol.texas.gov/tlodocs/86R/analysis/pdf/HB02730E.pdf. S.B. 1201 sought to clarify "vague and imprecise" language in the requirements for affidavits in cases involving claims against "certain licensed or registered professionals." Bill Analysis, Tex. S.B. 1201, 81st Leg., R.S. (2009), https://capitol.texas.gov/tlodocs/81R/analysis/pdf/SB01201S.pdf. H.B. 1622 "clarifies certain procedures regarding standing to file" certain types of cases under the Family Code to address confusion caused by "the many changes enacted during previous legislative sessions." Bill Analysis, Tex. H.B. 1622, 76th Leg., R.S. (1999), https://capitol.texas.gov/tlodocs/76R/analysis/html/HB01622H.htm. As its final example, Relators cite to Texas Probate Code § 5B, but the statute Relators cite is H.B. 4, the 2003 tort reform statute. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 847, 899). Like Relators' other examples, H.B. 4 involved changes to an existing regime of rights and remedies.

**C. Public policy supports the trial court's application of H.B. 19.**

The Court's analysis can begin and end with the plain text of the statute, which makes clear that the Business Court lacks jurisdiction to hear this case. However, the Court is also free to consider, among other things, that the Legislature, in enacting the statute, intended "a just and reasonable outcome" and "a result feasible of execution." Tex. Gov't Code § 311.021. And in construing a statute, the Court can consider the "consequences of a particular construction." *Id.* § 311.023. Here, Relators' interpretation of H.B. 19 fails these additional rules of statutory construction for two reasons.

First, Relators' interpretation would allow a party to remove a case no matter how long it has been pending and without regard to the procedural posture of the case. For instance, a party could remove a years-old case the day before it is set for trial—or even after the case has been tried to verdict if it is still awaiting final judgment.

This case is a prime example of why the Legislature intended to preclude removal of cases filed before September 1, 2024. Judge Whitmore has heard and decided five motions for summary judgment

13

and several other substantive motions, devoting substantial resources toward resolving this case. *See* R59 ("The district court's docket sheet shows fifty-seven pages of district and appellate court activity from April 8, 2022, until August 31, 2024."). Judge Whitmore's rulings have (1) granted an interlocutory partial summary judgment awarding Culberson more than $100 million in damages and prejudgment interest, and (2) dismissed Relators' claims for breach of contract and declaratory judgment, leaving only a claim for fraudulent inducement to be decided by a jury. R96-99. Relators' fraud claim is set to be tried to a jury in less than a week.

Allowing Relators to remove the case at this stage would be inefficient, given Judge Whitmore's familiarity with the case and the substantial resources already devoted to the case. Allowing removal under these circumstances also has the potential for abuse by allowing a party dissatisfied with prior rulings to forum-shop their case to a new judge in hopes of undoing prior rulings. The Legislature intended to avoid this result—not just in this case, but in all the pending cases that

could potentially be removed to the Business Court if Relators' interpretation were correct.

Second, accepting Relators' interpretation could open the floodgates to the Business Court, paving the way for the removal of hundreds or even thousands of older cases that would otherwise meet the Business Court's jurisdictional requirements. Given the limited number of current judges and other resource limitations, Relators' interpretation would run afoul of the canon of statutory construction that courts should presume that the Legislature intended "a result feasible of execution." Tex. Gov't Code § 311.021(4).

### D. The trial court's application of H.B. 19 is consistent with the legislative history, guidance from the Office of Court Administration, and legal commentary.

Although the Court need not look past the plain text of the statute, other sources universally support the trial court's ruling.[5] One such source is a memorandum on the Business Court from the Administrative

---

[5] While the statutory text is the best source—and supports the trial court's interpretation—Culberson provides these additional sources to explain the "object sought to be attained," "circumstances under which the statute was enacted," and "legislative history," all of which are permissible statutory construction aids under the Code Construction Act. Tex. Gov't Code § 311.023.

Director of the Texas Office of Court Administration to Texas District and County Clerks that states, **"Removals to Business Court –** *Applies only to actions filed after 9/1/2024*." Memorandum regarding Creation of Business Court of Texas, Effective September 1, 2024, to all Texas District and County Clerks from the Office of Court Administration, https://www.txcourts.gov/media/1459014/creation-of-tx-business-court -memo-to-dist-cty-clerks.pdf.

Recognizing that this memorandum is fatal to removal in this case, Relators ask the Court to ignore it as "[s]econdary material" that "should not be consulted for statutory interpretation, particularly when, as here, there is no ambiguity to resolve." Rel.'s Br. at 22-23. But the Code Construction Act specifically allows the Court to consider this administrative guidance: "In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the . . . administrative construction of the statute." Tex. Gov't Code § 311.023(6).

Another source—an article co-authored by an attorney who worked with legislators on H.B. 19—addresses the exact question before

16

the Court here of "whether cases pending in Texas state courts on Aug. 31 that otherwise satisfy the jurisdictional requirements of the Texas business court can be removed to the business court after it opens its doors on Sept. 1." Michael W. Tankersley & Eugene Zilberman, Texas Law: New Business Courts Should Reject Prior Pending Cases, The Texas Lawbook (July 24, 2024), https://texaslawbook.net/texas-law-new-business-courts-should-reject-prior-pending-cases/. According to the authors, "The answer is clear. Attempts to remove these cases should be rejected by the business court." *Id.* The authors cite several reasons for their conclusion:

- "The language used in Section 8 of the House Bill . . . means that if an action was commenced in state court before Sept. 1, nothing in Texas Government Code Chapter 25A exists, from a legal perspective, in the laws of Texas that could direct the future course of that action to the business court." *Id.*

- "The clear intent of HB19's authors was that pending cases in Texas state courts should not be pulled and sent to the business court Sept. 1." *Id.*

- "With the small number of judges initially serving the business court, the limited history, precedent and resources of the business court when it opens, and the potential for constitutional challenge, it was recognized that the business court would not have the resources to respond to a possible

17

avalanche of hundreds if not thousands of pending cases." *Id.*

- "Almost all business cases pending Aug. 31 that would meet the jurisdictional thresholds of the business court will have been originally filed in reliance on existing law, the rules and systems supporting it and much expenditure of money and effort, including the effort of the judges of those courts. The authors of the legislation recognized that it would be inappropriate to disturb that status quo." *Id.*

Other sources are in accord. *See, e.g.*, LeElle B. Slifer & John Sullivan, Business Courts in Texas – Final Rules Approved, Winston & Strawn LLP (Aug. 29, 2024), https://www.winston.com/en/insights-news/business-courts-in-texas-final-rules-approved ("Note that only actions filed on or after September 1, 2024 may be removed under Rule 355 to a business court."); Mitch Garrett & D. Hunter Polvi, Texas Business Court: Essentials, Strategies, & Advocacy – Part II, Dallas Association of Young Lawyers (Aug. 27, 2024), https://www.dayl.com/ 2024/08/texas-business-court-essentials-strategies-and-advocacy-part-ii/ ("Can you remove a case filed in district court before September 1, 2024? No. The changes in law apply to civil actions *commenced* on or after September 1, 2024."); Andrew Debter & Timothy Wells, Texas Means Business: What to Expect Upon the Arrival of Texas's New

Business Courts, Brown Fox PLLC (Aug. 14, 2023), https://brownfoxlaw.com/texas-courts-mean-business/ ("[T]he business courts will only have jurisdiction for cases commenced on or after September 1, 2024.").

These secondary sources align with the plain text of the statute and demonstrate the universal consensus—from the legislators who drafted H.B. 19 to the Office of Court Administration to members of the bar—that H.B. 19 only permits removal of cases that were filed on or after September 1, 2024. The Court should reject Relators' contention to the contrary and deny their mandamus petition.

## PRAYER

H.B. 19 limits the Business Court's jurisdiction to cases filed on or after September 1, 2024. Because this case was filed before September 1, 2024, it cannot be removed to the Business Court. The trial court therefore did not abuse its discretion in remanding this case. Culberson respectfully requests that the Court deny Relators' petition for mandamus.

Respectfully submitted,

By: /s/ Tyler J. Bexley
 Joel W. Reese
  State Bar No. 00788258
  joel.reese@rm-firm.com
 Tyler J. Bexley
  State Bar No. 24073923
  tyler.bexley@rm-firm.com
 **REESE MARKETOS LLP**
 750 N. St. Paul St., Suite 600
 Dallas, Texas 75201-3202
 214.382.9810 telephone
 214.501.0731 facsimile

*Counsel for Real Parties in Interest*

20

## CERTIFICATION

I certify that I have reviewed the foregoing brief and concluded that every factual statement contained therein is supported by competent evidence in the record.

*/s/ Tyler J. Bexley*
Tyler J. Bexley

## CERTIFICATE OF COMPLIANCE

Pursuant to the Texas Rules of Appellate Procedure, the undersigned counsel certifies that this brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) as the brief has been prepared in a proportionally spaced typeface using Microsoft Word, 14-point font with 12-point footnotes. The brief complies with the type-volume limitation in Texas Rule of Appellate Procedure 9.4(i) as it contains 3,878 words, excluding the parts exempted from brief requirements under Texas Rule of Appellate Procedure 9.4(i).

*/s/ Tyler J. Bexley*
Tyler J. Bexley

21

## CERTIFICATE OF SERVICE

Pursuant to the Texas Rules of Appellate Procedure, the undersigned hereby certifies that, on January 15, 2025, a true and correct copy of the foregoing is being filed with the Court of Appeals and served via electronic service on the counsel and parties listed below:

Michael P. Lynn
  mlynn@lynnllp.com
David S. Coale
  dcoale@lynnllp.com
Andres Correa
  acorrea@lynnllp.com
Lynn Pinker Hurst & Schwegmann, LLP
2100 Ross Avenue Suite 2700
Dallas, Texas 75201

**Counsel for Relators**


The Honorable Bill Whitehill
First Business Court Division
BCDivision1B@txcourts.gov

**Respondent**

 */s/ Tyler J. Bexley*　　　　　　　
Tyler J. Bexley

22

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Isabella Lee on behalf of Tyler Bexley
Bar No. 24073923
bella.lee@rm-firm.com
Envelope ID: 96247639
Filing Code Description: Response
Filing Description: REAL PARTIES RESPONSE TO RELATORS PETITION FOR WRIT OF MANDAMUS
Status as of 1/15/2025 12:40 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David S.Coale | | dcoale@lynnllp.com | 1/15/2025 11:45:18 AM | SENT |
| Michael P.Lynn | | mlynn@lynnllp.com | 1/15/2025 11:45:18 AM | SENT |
| Andres Correa | | acorrea@lynnllp.com | 1/15/2025 11:45:18 AM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 1/15/2025 11:45:18 AM | SENT |
| Joel Reese | 788258 | joel.reese@rgmfirm.com | 1/15/2025 11:45:18 AM | SENT |
| Tyler Bexley | 24073923 | tyler.bexley@rm-firm.com | 1/15/2025 11:45:18 AM | SENT |
| Hon. Bill Whitehill | | bcdivision1b@txcourts.gov | 1/15/2025 11:45:18 AM | SENT |
| Lisa Mewbourn | | lmewbourn@lynnllp.com | 1/15/2025 11:45:18 AM | SENT |
| Ronni Bracken | | rbracken@lynnllp.com | 1/15/2025 11:45:18 AM | SENT |
| Julie Archuleta | | jarchuleta@lynnllp.com | 1/15/2025 11:45:18 AM | SENT |